## POWELL *vs.* DAVIS *et al.*

[BLECKLEY, Judge, having been of counsel in this case, did not preside. Hon. MARTIN J. CRAWFORD, Judge of the Chattahoochee circuit, was designated by the governor to preside in his stead.]

1. Where a plaintiff, holding a judgment against D. and P., two joint defendants, for $1,551.90, in consideration of $500.00, agrees with D., without the knowledge or consent of P., "to release and discharge D. from paying any more on said judgment :"

*Held,* that such a contract being an absolute release of D., the judgment cannot be enforced against P., the other joint defendant, even though it may have been further agreed between those two parties, that said release was not to affect the collection of said judgment out of P., he not being a party, or consenting thereto.

2. The more especially will this be maintained, where it was further agreed that the said $500.00 was not to be "considered as a credit on the judgment so far as P. is concerned, and when said judgment is collected off of P., first retaining a sufficient amount to pay and satisfy said judgment, including the $500.00 paid by D.. then the $500.00 is to be refunded to D. out of the amount collected off of P.," the other defendant.

3. A judgment obtained in the state of Tennessee against two, as joint defendants, makes against them a joint debt, and is conclusive as to the joint liability to the *plaintiff;* in a suit, therefore, in this state, on such judgment, between *plaintiff* and *defendants,* parol testimony cannot be introduced to contradict the verity of the record. It must stand, as between them, until reversed or set aside.

Judgments. Debtor and creditor. Contracts. Evidence. Before Judge Clark. City Court of Atlanta. June Term, 1877.

ARNOLD & ARNOLD; P. L. Mynatt; W. T. NEWMAN, for plaintiff in error.

N. J. HAMMOND, for defendants.

CRAWFORD, Judge.

This suit was brought upon a foreign judgment, obtained in the circuit court of Knox county, Tennessee, against H. B. Davis, one of the original defendants, and George W.

Adair, administrator of Wm. G. Peters, deceased. The defendant, Davis, was not served; Adair was; he appeared, and in defense to this suit pleaded several pleas, only one of which it is necessary to notice, as the case, both in the court below and in this court, turned upon that wherein he sets up and insists upon a release, of which the following is a copy:

"Memorandum of agreement made and entered into this 24th day of March, 1865, by and between H. B. Davis, of Bradley county, Tennessee, and C. Powell & Co., of the city of Knoxville, Knox county, Tennessee.

" Whereas, heretofore, to-wit: at the February term of the circuit court of Knox county, 1865, the said C. Powell & Co. recovered a judgment in said court against the said Davis and Wm. G. Peters, for something over fifteen hundred dollars, besides costs; and whereas the said Davis has paid to the said Powell & Co. the sum of five hundred dollars, in consideration thereof the said Powell & Co. hereby release and discharge said Davis from paying any more on said judgment; that C. Powell & Co. consider his, the said Davis', liability as of a technical character, only having acted as agent for said Peters, the said Peters, being the real party liable, upon which the said judgment was recovered. It is further agreed by the said Powell & Co., that when said judgment is collected off of said Peters, after first retaining a sufficient amount to pay and satisfy said judgment, including the five hundred dollars paid by the said Davis, then the said five hundred dollars is to be refunded to said Davis out of the amount collected off of the said Peters, otherwise the said Davis is to receive nothing. It is further agreed between said parties that this agreement is in no wise to affect the collection of said judgment off of the said Peters, and the said five hundred dollars is not to be considered as a credit or payment on said judgment so far as Peters is concerned.

" Attest:       (Signed)      C. POWELL,
GEO. BROWN.                         H. B. DAVIS."

The court below held that the legal effect of this paper was to release Davis from all further liability on the joint judgment which C. Powell & Co. had against Davis & Peters, and that such release was also a discharge of Peters. This ruling was excepted to and assigned as error.

It is admitted, as we understand, by counsel for the plaintiff in error, that a release to one joint debtor, without reserving the remedies to the plaintiff against the other joint debtor, works to the latter a discharge, but that where they are reserved, then the liability still exists, and the debt may be enforced.

In some of the earlier decisions, a deed of release with reserve of remedies, was *construed* simply *as a covenant not to sue,* in order that effect might be given to what was supposed to be the intention of the parties, and the right of further recourse preserved. But even then it was held, that where the release was so positive as that it could not be so *construed,* it was an absolute discharge, unless with the consent of the joint debtor. And the courts since have uniformly held to that view of the law so far as we have been able to ascertain. Indeed, Addison in his Law of Contracts, vol. 3, p. 151, §1133, whilst discussing the subject of "Release," says : "From some of the expressions of LORD ELDON, it would seem that a creditor might release one of his joint debtors, and yet, by using some language of reservation in the agreement between himself and such debtor, keep his remedy entire against the others, even without consulting them; but LORD ELDON's authority upon this point has been expressly overruled." In support of this principle he cites the case of Nicholson *vs.* Revill, 4 Ad. & E., 683., wherein LORD DENMAN, C. J., in delivering the opinion, says : "We give our judgment on the *principle* laid down by LORD C. J. EYRE, in Chatham *vs.* Ward, 1 B. & P., 630, as sanctioned by unquestionable authority, that the debtee's discharge of one joint and several debtor is a discharge of all. * * This view cannot, perhaps, be made entirely consistent with what is said by LORD ELDON in the

case *ex parte* Gifford, 6th Ves. Jun., 808, where his lordship dismissed a petition to expunge the proof of a surety against the estate of a co-surety. But the principle to which we have adverted was not presented to his mind in its simple form; and the point certainly did not undergo much consideration. Some of the expressions employed would seem to lay it down that a joint debtee might release one of his debtors, and yet, by using some language of reservation in the agreement between himself and such debtor, keep his remedy entire against the others, even without consulting them. If LORD ELDON used any language which could be so interpreted, we must conclude that he either did not guard himself so cautiously as he intended, or that he did not lend that degree of attention to the legal doctrine connected with the case before him which he was accustomed to afford. We do not find that any other authority clashes with our present judgment, which must be for the defendant."

The doctrine that a release to one joint obligor, or co-partner, discharges all, has been recognized by C. J. MARSHALL, as may be seen in 2 Brockenborough, 220–225. He says: "It would have been easier, and a shorter method, to have given a release, than to make this covenant (*i. e.*, not to sue). The only reason for adopting this course was, that they did not choose to execute a release to the defendant, because that would also have operated as a release to the other parties."

This same doctrine may be found in any standard work on "Partnership," that the legal effect of a release of one co-partner is a release of all. It is also recognized by this court in the 48th *Ga.*, 631, where, although the judges differed as to the construction of the contract, as to whether it was a release or not, yet they did not disagree as to the law that if it were, then all the partners were discharged. "An unconditional release to one joint obligor, or one partner, is a release to all, for each obligor and each partner owes the whole debt. * * * It could not have been

intended as a release, for that would have discharged the other partners." TRIPPE, J.

C. J. WARNER, in delivering his opinion in the same case, says : " The court charged the jury, ' that the legal effect of the instrument was to release the said Thrasher from his liability, and that the release of Thrasher operated in law as a release of the other obligors.

" In my judgment, there was no error in the charge of the court to the jury, and the judgment of the court below should be affirmed." He further says : " A release sometimes results as an operation of law, as when a creditor releases another who is bound jóintly with, or primarily liable to, the debtor, or accepts from the debtor a higher security for the same debt, not intended as collateral thereto." Code, §2862.

It is insisted, however, that although by the rules of the common law, this contract may work a release to the administrator of Peters, yet being made in Tennessee, must be governed by the laws of that state, which have modified the common law to such an extent as to continue his liability. In support of this position §3789 of the Code of Tennessee is relied upon.

" All receipts, releases and discharges in writing shall have effect according to the intention of the parties."

We are not prepared to admit that the above language can aid the plaintiff in error by any direct bearing which it has upon the question before us. We are not called on to decide what effect the release would have in a contest between Powell & Co. and Davis ; if we were, we should give it exactly that effect which was intended by the parties that it should have, and that is, an absolute and unconditional discharge of Davis, of all liability whatsoever under that judgment to Powell & Co.; putting the *whole debt* on Peters, and when collected out of him, then to pay back to Davis the $500.00 which he had paid for his discharge.

But if this law did have any direct bearing upon the question before us, it can only be so as between the contracting

parties themselves. Before Peters could be bound either by the contract or "the intention of the parties" thereto, he ought to have known and assented to it, otherwise he is not bound.

Unfortunately for the plaintiff in error, the supreme court of Tennessee, at the May term, 1876, at Knoxville, passed upon the common law and statutory questions involved in this case.

The indorsees and holders of a promissory note for $5,000.00 against McClung, Campbell & Gant, whilst the same was in suit, agreed in writing with McClung not to collect any part of any decree or judgment that they might recover upon said note out of him, nor in any way hold him liable on the same. This release, it appears, was given him because of a valid defense which he claimed that he had against the note, and which he agreed not to make.

It was held by the court that the consideration was sufficient for the release, even though the parties might have been mistaken as to the effectiveness of the defense. In further pronouncing the decision in the case, Sneed, J., says: "The court has no difficulty in holding that under the release, McClung is absolutely discharged from all liability on the note; and the question is, what is the effect of said discharge upon the other partners of the firm of McClung, Campbell & Gant? It is an elementary and familiar principle, that the discharge of one co-obligor or co-partner from a joint liability operates to discharge them all. This is a principle of the common law universally recognized, and it must be decisive of this case, unless it be abrogated or modified by the statute referred to. We are of opinion that the statute has reference alone to the parties to the instrument as between themselves, and that it in no manner affects the rights of others not parties thereto. A case is thus presented of a mistake by defendants (the original plaintiffs having become defendants by the filing of a bill by original defendants) as to the legal effect of the dis-

charge of one partner upon the rights of other partners not in privity with the parties to the release.

"It was, no doubt, the intention of defendants to release McClung, but to hold the other partners liable. But can the other partners be concluded by any such agreement? According to the principle stated, they are all discharged, and being no parties to the release, or in any manner bound thereby, they are not affected by the statute, or concluded by the intention of the parties to the instrument, whatever that may be.

"We are of the unanimous opinion that by the release of McClung, the firm of McClung, Campbell & Gant were also forever absolved and discharged from all liability on the note."

It seems, therefore, that if the forum were changed, and the parties in this case were before the supreme court of Tennessee, Peters, as well as Davis, would be "forever absolved and discharged from all liability on the note," and such is the judgment of this court.

The other questions made by the record in this case are sufficiently explained in the head-notes.

Judgment affirmed.