34652. HARMON *et al.* *v.* GIVENS, by next friend.

Decided July 14, 1953—Rehearing denied July 24, 1953.

*Robert W. Reynolds, Burt & Burt,* for plaintiffs in error.
*Farkas, Landau & Davis,* contra.

SUTTON, C. J. 1. Ground 4 of the amended motion for new trial complains of the admission in evidence of section 38 of the Traffic Code of the City of Albany, introduced by the plaintiff over the objection by the defendant that this ordinance had not been pleaded in the case. Section 38 is as follows: "The signal required by Section 37 of this Chapter shall be given either by means of the hand or arm or by a signal lamp or signalling device of a type approved by the City, but when a vehicle is so constructed or loaded that a hand and arm signal would not be visible both to the front and rear of such vehicle then such signals must be given by such a lamp or device." Section 37 of the same chapter was pleaded and introduced in evidence by the defendants, and it is as follows: "No person shall turn a vehicle from a direct course upon a street unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn, if any pedestrian may be affected by such movement, or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement. A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning."

The movants contend that the admission of section 38 of the City Code was prejudicial because the plaintiff did not plead compliance with the ordinance by the bus driver or attach the ordinance as an exhibit to his petition, and the defendants were thereby deprived of their defense that the bus driver failed to give a proper signal of his intention to make a left turn.

It was alleged in the petition that the defendant cab driver failed "to observe the signal of the bus driver." The defendants, in their answer, contended that the driver of the school bus gave no warning or signal of his intention to make a left turn, as required by section 37 of chapter 11 of the Code of the City of Albany of 1947. That section requires the driver of a vehicle making a turning movement to give "an appropriate signal in the manner hereinafter provided." Section 38, which was introduced by the plaintiff, and which shows that it is the section referred to by section 37, provides for signals by hand or arm or by a signal lamp or device of a type approved by the city.

The petition put in issue the negligence of the defendant cab driver in failing to observe the signal by the bus driver, and the answer made another issue as to the negligence of the bus driver in failing to give the proper signal for a left turn. This was new matter of defense. "Under our practice, a plaintiff is not required to file a replication to the answer, but is permitted, without further pleading, to introduce proof either in denial or in avoidance of the matters set up as a defense." *City National Bank &c. Co.* v. *Orr*, 39 *Ga. App.* 217, 219 (146 S. E. 795) ; Code §§ 81-115, 81-311.

Furthermore, as section 37 referred to a following section for the definition of a proper signal, and section 38, containing that definition, in turn referred back to section 37, the defendants' contention that they had no notice of this ordinance, as it was not pleaded by the plaintiff, is without merit. It was not error to admit the ordinance in question.

2. In special ground 5 of the motion, the movants contend that the court erred in excluding the testimony of Willie Pearl Washington to the effect that she had received $1,000 from the Dougherty County Board of Education in settlement of her claim for loss of her son's services, which evidence it is contended should have been admitted as going to the witness's credibility, in

that it also appeared that she was suing the defendants in another case for the loss of her son's services. The movants also contend that the court erred in admitting, and in construing as a covenant not to sue, the following document, produced by the plaintiff in response to the defendants' notice to produce: "The following covenant not to sue has been entered into by Jack Givens, Sr., individually and as natural guardian of Jack Givens, Jr., with the Dougherty County School System, Dougherty County Board of Education and O. A. Theus, said last named parties contending that the negligence of the driver of the taxicab caused the injury complained of, but in order to avoid a litigation against the above named parties, said covenant not to sue them has been entered into as hereinafter set out.

"I, Jack Givens, Sr., individually and as father and natural guardian of Jack Givens, Jr., of Albany, Georgia, County of Dougherty, State of Georgia, for his heirs, executors, and administrators, in consideration of $500.00 dollars in hand paid by Dougherty County School System, Dougherty County Board of Education and O. A. Theus, the receipt of which is hereby acknowledged, do by this instrument covenant with said parties forever to refrain from instituting, pressing or in any way aiding any claim, demand, action or cause of action for damages, cost, loss of service; expenses or compensation for, on account of, or in any way growing out of, or hereafter to grow out of an accident which happened to Jack Givens, Jr., on or about the 18th of April, 1952, at the intersection of North Jackson Street and Third Avenue in Albany, Georgia, whereby the Dougherty County Public School Bus and a Busy Bee Taxicab collided.

"Witness my hand and seal this 24 day of June, in the year nineteen hundred and fifty-two. [signed] Jack Givens, Sr."

The defendants pleaded that the plaintiff had received $1,500 from the Dougherty County Board of Education and from O. A. Theus on June 24, 1952, in payment for his injuries and had released all liability arising out of said accident, and that the plaintiff was barred from asserting any further claim in this case.

It is contended that the document was in effect a release, in that the agreement of Jack Givens, Sr., was to refrain from instituting any action growing out of the accident to Jack Givens,

Jr., against anyone, and was not limited or restricted to the Dougherty County School System and O. A. Theus. It is also contended that the instrument, if not a release, was ambiguous, and its construction and meaning should have been submitted to the jury for their determination of the intent of the parties.

In *Moore* v. *Smith*, 78 *Ga. App.* 49 (50 S. E. 2d 219), and in *Register* v. *Andris*, 83 *Ga. App.* 632 (64 S. E. 2d 196), it was held that the execution by the plaintiff of a covenant not to sue some of the defendants against whom a joint suit had been brought, and the dismissal of the suit as to those defendants, did not operate to bar the plaintiff's suit against the other defendants. In *Atlantic Coast Line R. Co.* v. *Ouzts*, 82 *Ga. App.* 36 (60 S. E. 2d 770), it was held that, where the injured party proceeds against the remaining joint tortfeasors after executing a covenant not to sue one joint tort feasor for the same injury, upon a consideration received, the amount of the damages awarded should be reduced to the extent of the consideration received for the covenant not to sue.

The principle of one satisfaction for a single injury, with its corollary that the plaintiff, having settled in full as to one of the joint tort feasors relative to the same injury or damage, can no longer proceed against the others, has been followed in giving effect to a variety of instruments. See *Donaldson* v. *Carmichael*, 102 *Ga.* 40, 42 (29 S. E. 135); *Griffin Hosiery Mills* v. *United Hosiery Mills*, 31 *Ga. App.* 450 (120 S. E. 789); *Allen* v. *Landers*, 39 *Ga. App.* 264 (146 S. E. 794); *Edmondson* v. *Hancock*, 40 *Ga. App.* 587 (151 S. E. 114); *Caplan* v. *Caplan*, 62 *Ga. App.* 577 (9 S. E. 2d 96); *Gorman* v. *Griffin*, 70 *Ga. App.* 585' (28 S. E. 2d 897); *Atlantic Coast Line R. Co.* v. *Ouzts*, supra. The primary consideration in the construction of such instruments is whether they show an intention on the part of the injured person to acknowledge a full satisfaction of his damage and injury, and so to relinquish the cause of action and extinguish the liability of all the persons involved in causing the damage, or whether they show an intention only to accept a satisfaction of a part of the claim. And the intention of the parties, as shown by the instrument, will be given effect regardless of what the parties may call the instrument.

The document introduced in evidence in the present case is de-

scribed in its recitals as a "covenant not to sue" and as a "covenant not to sue them," the Dougherty County Board of Education and O. A. Theus. But in the actual promise referred to, the plaintiff agrees with these parties merely to refrain from bringing suit for damages arising out of the described collision, which is involved in the present suit. We note nothing in the agreement acknowledging satisfaction in full of the plaintiff's damages, and if the plaintiff has promised Theus and the Dougherty County Board of Education not to bring suit for his damages, such promise was made only to them and could not be enforced by the defendants, as there is nothing to show that they were the intended beneficiaries of the promise. See Code (Ann. Supp.) § 3-108; *Stein Steel & Supply Co.* v. *Goode Construction Co.*, 83 *Ga. App.* 821, 823 (65 S. E. 2d 183); *Harris* v. *Joseph B. English Co.*, 83 *Ga. App.* 281 (63 S. E. 2d 346).

The court did not err in admitting the document complained of, and in treating it as a covenant not to sue by charging the jury that any amount which they might award to the plaintiff was to be reduced by deducting the $500 received by the plaintiff under the terms of the instrument.

The fact that the plaintiff's mother had received $1,000 from Theus and the Dougherty County Board of Education under a similar instrument, in which she promised not to sue for the loss of her son's services, was not in any way material in this case even as going to the credibility of the plaintiff's mother as a witness. The fact that she had a suit pending against the defendants for the loss of her son's services would probably go to her credibility, and this ground of the motion shows that her interest in this respect was in evidence. The court did not err in excluding the evidence that the plaintiff's mother had received $1,-000 from the Dougherty County Board of Education and O. A. Theus as compensation for her damages on account of the loss of her son's services, for which she had instituted a separate suit against the defendants in this case.

3. Special ground 6 complains of the charge to the jury that "the driver of a vehicle approaching and entering an intersection does not necessarily and as a matter of law have the right of way over one who is making a left turn, but it is a question of fact depending on the facts and circumstances existing in each case."

This charge is said to be erroneous because the judge failed to explain to the jury, either here or elsewhere in his charge, under what facts and circumstances the driver of the vehicle first entering the intersection would have the right of way, or what rule or standard of care would govern. It is contended that the undisputed evidence showed that the point of impact of the bus and the taxicab was approximately parallel with the south curb of Third Avenue, and that the charge as given deprived the movants of their defense that the cab driver entered the intersection at a lawful speed and before the school bus entered it, that the school bus driver turned across his course, and that this negligence of the school-bus driver was the proximate cause of the collision. It is contended that the court failed to charge the law applicable to this issue, as made by the pleadings and the evidence.

This ground of the motion is incomplete, as the evidence raising the defense asserted is not set out literally or in substance, other than that the point of collision was "approximately parallel with the south curb of Third Avenue," i.e., near the edge of the intersection, and either in it or out of it. This evidence does not make an issue as to whether the school bus or the taxicab was first in the intersection.

While it is true that the excerpt from the charge here complained of does not purport to deal with the rights of a driver of a vehicle entering an intersection before another vehicle, it is not asserted to be incorrect other than in the omission of the law in such respect. However, the court later on in its charge, and in this connection, charged the jury as follows: "If you find that the defendant's agent did not drive his car at the speed that he is charged, but his speed was lawful and legal under the law, and that he was in the intersection before the bus driver, and had the right of way, and the bus driver cut his car, in making a short turn, in front of the driver of defendant's automobile at such a close distance that defendant's driver, in the exercise of ordinary diligence, was unable to stop or prevent the accident, then the plaintiff would not be entitled to recover, and you should return a verdict in favor of the defendant.

"I further charge you this principle of law: where the sole proximate cause of an injury to the plaintiff is the negligence of someone other than the defendant there can be no recovery

against the defendant, although the defendant or his agent may have been guilty of negligence.

"I will give you in charge the City Ordinance, Section 37, as to signals required in making turn, and Section 48, as to the course of the vehicle in making a turn at intersections, these being provisions of the City of Albany Traffic Code. 'Section 37. No person shall turn a vehicle from a direct course upon a street unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn, if any pedestrian may be affected by such movement, or after giving an appropriate signal, in the manner hereinafter provided, in the event any other vehicle may be affected by such movement. A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning.'

" 'Section 48. The driver of a vehicle intending to turn at an intersection shall do as follows: (2) Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof, and, after entering the intersection, the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered.'

"In determining whether or not this third person, the driver of the school bus, was negligent, you will apply these ordinances to the evidence that has been introduced, and determine whether or not these ordinances have been complied with. If you find that these ordinances have been violated, I charge you that such violation is negligence per se, that is, of itself, and if you find that such violation was the sole proximate cause of this collision, the plaintiff would not be entitled to recover."

The charge of the court was full and fair, and amply covered the contentions of the defendant; and no error is shown by ground 6 of the motion.

4. Special ground 7 complains that the court erred in charging the jury "that the fact that the plaintiff in this case has executed to the Dougherty County School System a covenant not to sue is not a bar to his recovering for his injury in this suit, if you should find that the defendant cab driver was guilty of any negligence which contributed proximately to the injury, for the reason that the plaintiff is entitled to recover against any

or all of the persons whose negligence concurred in and proximately contributed to his injury." This charge is said to have been erroneous as a matter of law, in that the jury was instructed to find against the defendants if they were guilty of any negligence, without regard to whether or not such negligence was alleged in the petition; and, notwithstanding that the court had previously limited the plaintiff's right to recover to the alleged acts of negligence, the charge is contended to have been confusing and inconsistent. It is also contended that the charge failed to state that the acts of the defendants must have directly produced the damages, and was erroneous in stating that the plaintiff could recover for the defendant cab driver's negligence which contributed proximately to the injury, as the defendants can only be liable for negligent acts which contribute as a proximate cause of an injury.

The proposition dealt with in the charge complained of was that the plaintiff's covenant not to sue, executed with others involved in the collision, did not bar a recovery by the plaintiff against the defendants in the present suit. This was correct, as ruled in the second division of this opinion. The court further qualified this proposition, and the movants' contention seems to be that the qualification was insufficient in failing to limit the plaintiff's recovery to injuries resulting from the defendants' acts of negligence as alleged in the petition. But it is conceded in this ground of the motion that the court had previously limited the plaintiff's right of recovery to injuries caused by the negligent acts alleged in the petition; and where this has been done, we think the jury would have understood this qualification to apply in other parts of the charge dealing with other principles of law. As said in *Millen & Southwestern R. Co.* v. *Allen,* 130 *Ga.* 656 (3) (61 S. E. 541): "The court below having charged the jury, 'If the plaintiff recovers in this case, I charge you that she must recover upon proof of acts of negligence set out and alleged in the declaration,' it was not necessary for the court to add this qualification to every proposition of law which he charged, when instructing the jury as to what state of facts would authorize them to find for or against the defendant." Also see *City Council of Augusta* v. *Tharpe,* 113 *Ga.* 152 (2) (38 S. E. 389).

The trial judge did not err in stating that the plaintiff could

recover for the defendant cab driver's acts of negligence "which contributed proximately to the injury." It is contended that he should have used "contributed as a proximate cause" or "directly produced" the injury, but we see no substantial difference between these expressions and those used by the court. "Proximately" means directly and not remotely; and "contribute" means to share in effecting a result, or to share in any act or effect. Ground 7 is without merit.

5. In ground 8 of their motion, the movants contend that the court erred in admitting the following testimony of A. E. Hayes, as elicited on direct examination by counsel for the plaintiff: "Q. What is your best estimate of the speed he (the taxicab driver) was traveling before he slowed down, Mr. Hayes? A. I would say he had to be going at least 50 miles if not over that." The objection interposed by the defendants and overruled was that the witness was not qualified to give such testimony; that there was no testimony as to skidding or as to whether both vehicles were in motion, and that the witness would not be qualified to express an opinion unless he had such knowledge. This evidence is said to have been prejudicial to the movants because the petition charged that the speed of the taxicab was 40 to 50 miles per hour, and no other witness testified that the taxicab was proceeding at 50 miles per hour.

There was no objection to Hayes' previous testimony that the taxicab was moving at 30 miles per hour when it struck the school bus, based on the appearance of the two vehicles a few minutes afterwards and on Hayes' experience and observation of automobiles during 30 years of driving a school bus. The opinion here objected to, as to the speed of the taxicab before it slowed down, was based upon the speed at the time of the collision, "plus whatever he slowed down prior to the impact; . . . If he skidded like they say he did, that would have slowed him down." The defendants admitted in their answer that the taxicab skidded for 24 feet before striking the school bus and introduced testimony to the same effect. Based on this fact and on the witness's experience as a driver, his opinion as to how much the speed of the taxicab was reduced before it struck the school bus was admissible.

6. In special ground 9, the movants assign error on charges of the court to the jury in effect as follows: (a) if the driver of

the taxicab failed to reduce his speed when approaching the intersection, this would be negligence as a matter of law, and if such negligence proximately contributed to the collision, then the jury should find for the plaintiff; (b) if the taxicab driver was driving his taxi at a higher speed than was reasonable and safe under the circumstances then existing, this would be negligence as a matter of law, and if such negligence proximately contributed to the collision, then the jury should find for the plaintiff; (c) if the defendant cab driver approached the intersection at a speed of over 30 miles per hour, this would be negligence as a matter of law, and if such negligence proximately contributed to the plaintiff's injury, the plaintiff would be entitled to recover as a matter of law; (d) if the defendant cab driver could have avoided the collision by the exercise of extraordinary care but failed to do so, and such negligence proximately contributed to the injury, then the jury should find for the plaintiff, even though the driver of the school bus was also negligent; and (e) regardless of whether any negligence is attributable to the driver of the school bus, if the defendant cab driver was guilty of any negligence which contributed proximately to the plaintiff's injury, then the jury should find for the plaintiff.

It is contended that these charges were argumentative, in that the court did not state the alternative of these propositions, that there would be no negligence in the case if the provisions of the ordinances were not violated. It is said that the charge unduly emphasized and stressed the plaintiff's contentions, without giving the defendants' theory of the facts and so was not equally fair, full, and explicit as to both sides of the case. It is further contended that the charges directed a verdict for the plaintiff if the acts of the cab driver contributed proximately to the injury, without stating that they must have contributed as a proximate cause of the injury; and it is contended that the last paragraph directs a verdict for the plaintiff if the defendant cab driver was guilty of any negligence, without limiting the defendants' negligence to that alleged in the petition. The charge set out in (d) above is said to impose an absolute duty of using extraordinary care to avoid the collision, without regard to whether or not the bus driver's negligence was apparent or discoverable, by the exercise of extraordinary care on the part of

the cab driver, in time to avoid the collision, and so imposed a higher duty upon the cab driver than is required by law.

The charges here complained of were not argumentative, but were merely hypothetical statements as to the law applicable if the jury found a certain state of facts to exist; and if the ordinances were not violated by the defendant cab driver, that would not necessarily mean that there would be no negligence in the case, as a question of fact for the jury. *Tyson* v. *Shoemaker*, 208 *Ga.* 28 (65 S. E. 2d 163); *Barnett* v. *Whatley*, 87 *Ga. App.* 860, 869 (75 S. E. 2d 667).

As stated in *Abelman* v. *Ormond*, 53 *Ga. App.* 753 (5) (187 S. E. 393): " 'It can not be inferred, from the fact that the contentions of the plaintiff were stated more at length than those of the defendant, that undue stress was laid upon or undue prominence given to the contentions of the former.' *Millen & S.W.R. Co.* v. *Allen*, 130 *Ga.* 656 (61 S. E. 541). 'That the contentions of one party were not as specifically set forth in the charge of the court as were those of the other was not cause for a new trial, where the charge as a whole fully, fairly, and correctly covered the law applicable to every issue in the case.' *Atlanta Consolidated Street Ry. Co.* v. *Bagwell*, 107 *Ga.* 157 (33 S. E. 191)."

The court was not required to use the exact expression, "contributed as a proximate cause," as indicated in the 4th division of this opinion, and the ruling there made as to the use of "any negligence," without restriction to acts of negligence as alleged in the petition, is applicable here. The contention that the court in its charge imposed on the defendants an "absolute duty of using extraordinary diligence to avoid the collision" is not argued or insisted upon in the briefs of the plaintiff in error, and is treated as abandoned.

Special ground 9 of the motion does not show error.

7. The only contention made by the movants with respect to the general grounds of their motion for new trial is that there was no evidence in support of the 4th paragraph of the petition, alleging the location of the collision to be within the intersection, and that the undisputed evidence located "the impact approximately on the south margin line of Third Street," which is said to be such a material variance between pleading and proof as to require a new trial.

The 4th paragraph of the petition is as follows: "Said taxi-cab was proceeding south on North Jackson Street in the City of Albany, Georgia, and as it entered the intersection of North Jackson Street and Third Avenue, collided with a school bus proceeding north along North Jackson Street and while making a left-hand turn across said intersection into Third Avenue. . . " However, in the answer, it is alleged that "Defendants admit paragraph 4 of the petition," and hence it was unnecessary for the plaintiff to prove that the school bus was struck "while making a left-hand turn across said intersection." The driver of the school bus testified that the collision occurred in the intersection.

There was evidence authorizing the verdict, and the court did not err in denying the defendant's motion for new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*