29759. WEEMS et al. v. FREEMAN et al.

HALL, Justice.

Plaintiff-landowner sued an adjacent owner of industrial property, a contractor, and certain engineers, for injunctive relief and damages which plaintiff claimed

to have sustained when the adjacent property was developed, "increasing the surface water runoff and siltation into the Conley Creek area above plaintiff's property [and causing] said creek to overflow its banks onto plaintiff's property, thus creating a trespass and nuisance." During the trial, the landowner and contractor defendants reached an oral agreement with the plaintiff, which they termed a covenant not to sue, whereby they each paid plaintiff $15,000. They agreed that the suit would continue against all the named defendants as though no settlement had taken place, and that if a verdict were rendered against all defendants the engineers, the only remaining actual defendants, were to pay only one-third of the damages. The engineers made numerous objections and motions regarding the settlement and further proceedings. All were overruled and the jury rendered a verdict of $50,000 damages and $10,000 attorney fees in favor of the plaintiff against all defendants. The engineers bring this appeal.

The basic enumeration of error is that the trial court erred in failing to grant appellants' motion for directed verdict on the ground that the settlement agreement released all defendants from liability. We agree and reverse the judgment of the trial court.

Georgia follows the common law rule that a release of one joint tortfeasor has the effect of discharging all other tortfeasors. *Grizzard v. Davis,* 131 Ga. App. 577, 581 (206 SE2d 853); *City of Buford v. Hosch,* 104 Ga. App. 615 (122 SE2d 287). However, a mere covenant not to sue one joint tortfeasor, or an instrument that may be construed as such, does not discharge the remaining tortfeasors. *Moore v. Smith,* 78 Ga. App. 49 (50 SE2d 219). Where the right to sue has been reserved and the plaintiff has not received full satisfaction, the agreement will be construed to be a covenant not to sue because of the manifest intent of the parties. *Atlantic C. L. R. Co. v. Ouzts,* 82 Ga. App. 36 (60 SE2d 770). While a covenant not to sue can be made lis pendens and the suit dismissed as to the tortfeasors making the settlement (*Register v. Andris,* 83 Ga. App. 632 (64 SE2d 196)), it is a non sequitur to claim that there is a covenant not to sue and yet at the same time continue the action against those who are parties to the agreement.

This type settlement is in reality an agreement not to enforce the judgment against any defendant who is a party to the agreement.

Code § 39-604 provides: "An agreement for a valuable consideration never to enforce a judgment or execution shall release the judgment or execution." In *Powell v. Davis,* 60 Ga. 70, this court held that a release of judgment against two defendants in favor of one of them, without the knowledge or consent of the other, acted as an absolute release of both, even though the plaintiff stipulated that said release was not to affect collection from the one not a party thereto. The controlling factor was that a judgment had been rendered against both defendants, creating a joint liability and the agreement between the plaintiff and one defendant was inadmissible to discredit the veracity of the record. It was also relevant that the other defendant did not consent to the discharge. That case is similar to the case at bar in that in both a judgment was actually rendered against all defendants. The stipulation made prior to delivery of the verdict in the present case was unknown to the jury and can only be interpreted as an agreement releasing the defendants involved from judgment when rendered. Where there is a covenant not to sue, it is important that the parties to the covenant not be sued in fact or in fiction after the agreement has been executed. Otherwise, the substance of the agreement will be construed to be a release from judgment and will act to release all joint tortfeasors.

The trial court erred in overruling appellants' motion for a directed verdict. All other enumerations of error are moot.

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 12, 1975 — DECIDED MARCH 13, 1975 — REHEARING DENIED JUNE 17, 1975.

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Jack O. Morse, Robert B. Wedge,* for appellants.

*Palmer H. Ansley, David Crockett, Richard W. Wilson, Jr., Tyler C. Dixon,* for appellees.