Charles E. FULMER, Plaintiff,

v.

The WARD MACHINERY COMPANY,
Defendant and Third-Party Plaintiff,

v.

ALLEN BRADLEY COMPANY,
Third-Party Defendant and
Second Defendant.

Civ. A. No. 174–133.

United States District Court,
S. D. Georgia,
Augusta Division.

April 9, 1976.

Otis F. Askin, Travers W. Paine, III, Augusta, Ga., for plaintiff.

Michael C. Garrett, A. Rowland Dye, Augusta, Ga., for defendants.

John I. Harper, Jr., Gould B. Hagler, Augusta, Ga., for third-party defendants.

## ORDER

ALAIMO, District Judge.

This is a diversity action brought by the plaintiff to recover for injuries suffered while he was operating a "folder gluer" machine manufactured by defendant, Ward Machinery Company (Ward). Plaintiff also joined Allen Bradley Company, the manufacturer of a control button on the machine. The matter before the Court is Allen Bradley's motion to dismiss plaintiff's claim and Ward's third-party claim.

On March 8, 1976, the plaintiff and defendant Ward filed a "Pro-Tanto Settlement and Agreement" which released Ward from any further liability for a consideration of $42,500. Plaintiff "released and discharged . . . [Ward] . . . from all claims, demands, damages, actions or causes of action" resulting from the injury

he complains of in this action. The agreement provided, however, that it was not a full settlement of plaintiff's claims against others, specifically Allen Bradley. Defendant Ward was to remain in the case with defendant, Allen Bradley, but in the event of a judgment against both defendants, plaintiff agreed to satisfy the judgment upon payment of one-half by Allen Bradley, since the parties intended for Ward not to pay "any further monies" to the plaintiff in any event.

The issue is the effect of this agreement under Georgia law. Can a plaintiff, for what is stated to be partial compensation, fully settle with and release one joint-tortfeasor, retaining it as a party in pending litigation, and yet avoid releasing the other joint tort-feasor?[1]

Allen Bradley contends this question can only be answered in the negative, citing a line of release cases beginning with *Donaldson v. Carmichael*, 102 Ga. 40, 42–43, 29 S.E. 135, 136 (1897). The court there stated: "The plaintiff is entitled to only one satisfaction; and if the manner of releasing one involves satisfaction in whole or in part of the claim, it will enure to the discharge, pro tanto, of all who are liable; and if a party injured accept satisfaction from one of several joint tort-feasors, that is a bar as to all. In a case where the plaintiff . . . executed to one [joint tortfeasor] a release under seal, acknowledging full satisfaction for the tort, but reserving his claim against the others, it was held that the release enured to the benefit of all the defendants, and that the reservation was inoperative."

In *Griffin Hosiery Mills v. United Hosiery Mills*, 31 Ga.App. 450, 120 S.E. 789 (1923), *Donaldson* was interpreted to mean that: "[If], instead of merely dismissing his suit against one of two defendants, sued jointly, the plaintiff proceeds, for a consideration, to fully settle and satisfy his claim against one, he cannot by the terms

of such accord and satisfaction, where the injury . . . is the same, limit the release to the defendant thus dealt with, but in such a case the claim itself becomes extinguished."

*Id.* at 450, 120 S.E. at 789.

That is, an unconditional release of one joint tortfeasor discharges the others in full, because it amounts to an accord and satisfaction of the disputed claim. "[T]he plaintiff, having settled in full as to one of the joint tort-feasors . . . can no longer proceed against the others . . ." *Harmon v. Givens*, 88 Ga.App. 629, 634, 77 S.E.2d 223, 227 (1953). Moreover, the consideration received for a release is presumed to be full compensation. *See Gilmore v. Fulton-DeKalb Hospital Authority*, 132 Ga.App. 879, 880–81, 209 S.E.2d 676 (1974), cert. denied (1975); *Walsh v. Campbell*, 130 Ga.App. 194, 200, 202 S.E.2d 657 (1973); *Caplan v. Caplan*, 62 Ga.App. 577, 9 S.E.2d 96 (1940). Although no Georgia case deals with a release including a stipulation that full compensation had *not* been received, other jurisdictions have held joint tortfeasors released despite such a stipulation. *See* W. Prosser, *The Law of Torts* 301–02 (4th ed. 1971).

The instant agreement states that it is "*not* a full settlement of FULMER's claims against all persons and parties . . . . . ." But it is a total release of Ward, and "is the compromise of FULMER's claims . . . ." Plaintiff contends that despite the use of release language, the agreement is a pro tanto settlement which does not release Allen Bradley. In support, plaintiff cites *Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Co. v. Hill*, 113 Ga.App. 283, 148 S.E.2d 83 (1966), in which a partial payment made on behalf of a joint tortfeasor was held to be a pro tanto satisfaction only. The crucial distinction is that no release was given in connection with the partial payment. Indeed, the court stated that "[w]hen a release is taken, the consideration paid is presumptively full compen-

---

1. Where the separate negligent acts of two persons combine to produce a single injury, the two persons are joint tort-feasors, and the release of one discharges the other. *See City of Buford v. Hosch*, 104 Ga.App. 615, 122 S.E.2d 287 (1961).

sation, and it can be avoided only for duress, fraud, accident or mistake." *Id.* at 288, 148 S.E.2d at 88. Thus, plaintiff's sole support provides no support.

 In construing releases and covenants not to sue, "the intention of the parties, as shown by the instrument, will be given effect regardless of what the parties may call the instrument." *Harmon v. Givens, supra,* 88 Ga.App. at 634, 77 S.E.2d at 227. The parties here clearly intended to release Ward without qualification, in full compromise of plaintiff's claim against it. This extinguished Ward's liability because it relinquished the cause of action against it. *See Henderson v. Garbutt,* 121 Ga.App. 291, 292, 173 S.E.2d 445 (1970) and cases therein cited. The stated intention not to release Allen Bradley is of no legal effect. *See Donaldson v. Carmichael, supra,* 102 Ga. at 43, 29 S.E. 135.

This conclusion also follows from the operation of the agreement as a prospective release from judgment. In *Weems v. Freeman,* 234 Ga. 575, 216 S.E.2d 774 (1975), during a trial, two of the three joint tortfeasors agreed orally to pay the plaintiff $15,000 each in what they termed a covenant not to sue. All defendants remained in the case. In the event of a verdict against all defendants, the non-settling defendant would pay one-third of the judgment. This third defendant successfully appealed the eventual judgment totaling $60,000. The Supreme Court noted that a covenant not to sue would not release the non-settling defendant, and that the parties' intent would normally be given effect. But the court held that a covenant not to sue could not exist where the action was continued against the parties to the agreement. "This type settlement is in reality an agreement not to enforce the judgment against any defendant who is a party to the agreement." Id. at 577, 216 S.E.2d at 775. Under Ga.Code Ann. § 39–604, an agreement never to enforce a judgment releases that judgment. Thus, as in *Powell v. Davis,* 60 Ga. 70 (1878), a release of judgment against two defendants in favor of

one, absolutely released both, despite stipulations to the contrary. The *Weems* agreement "can only be interpreted as an agreement releasing the defendants involved from judgment when rendered." The court held that no matter what the parties call their agreement, if the parties to it remain in the case, it cannot be a covenant not to sue, and "the substance of the agreement will be construed to be a release from judgment and will act to release all joint tortfeasors." *Id.,* 234 Ga. at 577, 216 S.E.2d at 776.

*Weems* controls the construction of the instant agreement. In both cases, during the pendency of an action, the plaintiff agreed, for consideration less than the total damages claimed, that some of the defendants would not be held liable on any eventual judgment. The only differences are that the *Weems* agreement was labeled a covenant not to sue, and that *Weems* proceeded to a jury verdict. Neither difference matters. *Weems* holds that a prospective agreement not to enforce a judgment operates as a release from judgment discharging all joint tortfeasors, regardless of what the agreement is called. Georgia law does not allow a plaintiff to fully settle with one joint tortfeasor and agree not to enforce a judgment against him, while reserving a right to pursue others, except by a valid covenant not to sue.

For the foregoing reasons, Allen Bradley's motion to dismiss must be granted, both as to plaintiff's claim and as to Ward's third party claim (asserting liability over in the event of a verdict).