60055. GUEST et al. v. MITCHELL et al.

SMITH, Judge.

Appellants brought an action to enjoin appellees from transferring property in defraud of judgment creditors. The trial court granted appellees' motion for summary judgment, holding that the judgment against appellee had been satisfied by the "release" of an alleged joint tortfeasor. See *Zimmerman's, Inc. v. McDonough Const. Co.,* 240 Ga. 317 (240 SE2d 864) (1977); *Powell v. Davis,* 60 Ga. 70 (1878). We reverse.

In May, 1975, appellants brought an action against Bobby D. Mitchell, B & M, Inc. and Marcelle R. Mitchell. According to appellants' affidavit, "[i]t was alleged … [that] all three [were] guilty of fraud and negligence in the construction and sale of Plaintiff's residence." On March 16, 1976, judgments were obtained against Bobby Mitchell and B & M, Inc. A judgment was not obtained against Marcelle R. Mitchell. On October 7, 1977, Marcelle R. Mitchell, in exchange for a valuable consideration, obtained a "release of all claims."

In September, 1979, appellants brought this action alleging that appellees "have engaged in an ongoing and continuing conspiracy to conceal, convey and transfer property, both real and personal, with intent to defraud creditors, and, more specifically, to hinder, delay, and defraud Plaintiffs in the collection of their judgment." Appellants prayed for "an order . . . decreeing that the various conveyances of property . . . between said Defendants have been fraudulent in manner and intent, and that the same should be set aside for the benefit of creditors, and more specifically, for the benefit of Plaintiffs." At the hearing on appellees' motion for summary judgment, the record of the prior action was presented to and considered by the trial court, but was never formally made a part of the record.

"Georgia follows the common law rule that a release of one joint tortfeasor has the effect of discharging all other[s] . . ." *Weems v. Freeman,* 234 Ga. 575, 576 (216 SE2d 774) (1975).[1] Appellees contend that, in determining whether an individual is a "joint tortfeasor," the *allegations* of the complaint are controlling. See *Zimmerman's, Inc. v. McDonough Const. Co.,* supra; *Garrett v. Garrett,* 128 Ga. App. 594 (197 SE2d 739) (1973); *Edmondson v. Hancock,* 40 Ga. App. 587 (151 SE2d 114) (1929); *Griffin Hosiery Mills v. United Hosiery Mills,* 31 Ga. App. 450 (120 SE 789) (1923); see also Artoe v. Navejo Freight Lines, 65 Ill. App. 3d 119 (382 NE2d 492) (1978). In response, appellants argue that the release of one alleged joint tortfeasor will not release the others where it is shown that the party released was not *in fact* a joint tortfeasor.

Assuming arguendo that appellees are correct in their contention that the allegations of the prior action are controlling, the record before this court does not establish their entitlement to judgment as a matter of law. Where a trial court, on motion for summary judgment, considers pleadings, court orders, or other

---

[1] "Properly speaking, a clear distinction should be made between a satisfaction and a release, since the existence of the latter does not necessarily indicate that the plaintiff has received full compensation for his injury, i.e., satisfaction . . . Certainly under some conditions a release may properly result in full satisfaction, as where the amount paid under it was substantial and apparently fully compensated the plaintiff for his injury and where the surrounding circumstances and the actions of the parties to the release indicate that they intended it to serve as a satisfaction. It is submitted that these factors, where the plaintiff has been fully compensated and whether the parties intended the result of their negotiations to be a complete freedom from further liability for all the tortfeasors, should be paramount in determining the effect of any agreement purported to operate as a release and should be inquired into whenever the problem arises in a case." 1 Harper & James, The Law of Torts, § 10.1, pp. 711-712.

documents contained in the record of another case, it is proper to have these items formally introduced into the record of the case currently before the court. This can be accomplished by an order directing that the documents be incorporated into the record. The absence of such an incorporation "handicaps the appellate court in deciding the correctness of the trial court's decision" (*Doyal & Assoc. v. Blair,* 138 Ga. App. 314, 316 (226 SE2d 109) (1976) and, in the instant case, works against appellees. While appellants' admissions of record provide some indication that the sole claim presented in the prior action was one in which appellees and Marcelle R. Mitchell were alleged joint tortfeasors, the admissions are not conclusive on this point. "It is the obligation of the movant for summary judgment to show positively the truth of matters which are essential to a judgment in its behalf..." *Watkins Products, Inc. v. England,* 123 Ga. App. 179, 182 (180 SE2d 265) (1971). "Doubts are to be resolved against the movant even if at trial the opposing party would have the burden of proof..." *Whitehead v. Capital Automobile Co.,* 239 Ga. 460, 461 (238 SE2d 104) (1977). As the record before this court does not establish that appellees are entitled to judgment as a matter of law, the judgment must be reversed.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED JUNE 5, 1980 — DECIDED
DECEMBER 16, 1980.

*Fredrick J. Kraus,* for appellants.
*Robert Nardone,* for appellees.