61938, 61939. PHILIPS AUDIO VIDEO SYSTEMS
CORPORATION v. BATEMAN et al.; and vice versa.

BIRDSONG, Judge.

In November, 1973, the appellant Philips Audio Video Systems Corp., sold video equipment to Production 70's, Inc., a corporation formed by (among others) H. C. Suit, John Cater and Dr. N. B. Bateman. The total amount of the sale amounted to approximately $194,000. The sales agreement called for a down payment of approximately $16,000 with the remainder to be paid in regular installments. Suit, Cater and Bateman executed a security agreement and conditional sales agreement by which they agreed individually to act as surety for the indebtedness. The only amount paid on the indebtedness was the $16,000 down payment. Ultimately Philips repossessed the video equipment and at a private sale purchased the equipment for $60,000. A complaint was then filed in Fulton County against Suit, Cater, Bateman and Production 70's, seeking a deficiency of approximately $178,000. Defendant Suit is a resident of Fulton County as is the corporation, Production 70's. Cater is a resident of DeKalb County and Bateman a resident of Clayton County. After the complaint was filed in Fulton County, the defendant Suit sought and obtained discharge through bankruptcy in the State of North Carolina. Suit was then dismissed as a party defendant in the Fulton County action. Cater also obtained discharge in bankruptcy of the principal indebtedness and likewise has been

dismissed as a party defendant. The corporation, Production 70's, filed for discharge through bankruptcy in the bankruptcy court in northern Georgia. At this point in the proceedings and prior to the discharge of Production 70's as a party defendant (assuming that such a discharge could be obtained) jurisdiction in the Fulton County Superior Court over Dr. Bateman, a Clayton County resident, depended upon the only remaining Fulton County defendant, Production 70's. After filing for bankruptcy, the bankruptcy court issued an order barring Philips from pursuing any judgment against Production 70's. Prior to discharge Philips filed a complaint in the bankruptcy court seeking a modification of the order issued by the bankruptcy court. Thereafter, Philips and Production 70's agreed to the entry of a modified order by the bankruptcy court wherein Production 70's agreed to allow the Fulton County complaint to proceed to judgment but Philips renounced all right to any execution on such a judgment. It is candidly admitted by Philips that the only purpose of the consent to the entry of such a modified order was to maintain jurisdiction in Fulton County over Production 70's and thus over the Clayton County defendant, Dr. Bateman. Dr. Bateman then moved for summary judgment on the ground that the consent to the modified order wherein Philips agreed never to pursue any judgment against Production 70's amounted to a release (i. e., an accord and satisfaction) and thus released Bateman. The trial court granted judgment to Bateman, and Philips brings this appeal enumerating as error the grant of such judgment. *Held:*

There can be no dispute that the release of one joint obligor releases all. *Ward v. Fleming,* 18 Ga. App. 128 (88 SE 899). Moreover, an agreement not to execute a judgment against a defendant is tantamount to a judgment in that defendant's favor and a full excusal of liability. See *McKay v. Hall,* 147 Ga. App. 146 (248 SE2d 210). Therefore Bateman argues that the consent amounted to a release of all liability to his joint obligor, Production 70's and a release as to him.

Philips seeks to avoid the consequences of the purported "release" by arguing that the consent order did not operate as a release because it was not supported by valuable consideration nor did it surrender any of Philips' rights. This argument is premised upon the fact that prior to the consent order, Philips could not enforce any judgment against Production 70's and the consent order did nothing to change that status. Moreover, Philips argues that Production 70's was a defunct corporation without assets and that Philips gave up nothing by agreeing never to seek to enforce its judgment. Thus its promise not to enforce its judgment was made without any valuable consideration flowing from Production 70's to

Philips.

Insofar as consideration is concerned, a release is a surrender of a cause of action which may be gratuitous or given for an inadequate consideration. *Pennsylvania Thresherman &c. Ins. Co. v. Hill,* 113 Ga. App. 283, 287 (148 SE2d 83). However, we conclude that there was indeed a valuable consideration. Thus in this case there was a mutual promise. Production 70's agreed to waive its immunity from suit in Fulton County during the pendency of the bankruptcy proceedings and Philips in exchange for the right to sue agreed to forfeit any right to execute on any judgment obtained. It is settled that where mutual promises are given, each promise is itself consideration for the return promise. *DeKalb County v. Ga. Paperstock Co.,* 226 Ga. 369, 372 (5) (174 SE2d 884); *Giant Peanut &c. Co. v. Long Mfg. Co.,* 129 Ga. App. 685, 687 (201 SE2d 26). Furthermore, Philips agreed in advance to forfeit any right it might ever have to receive any distribution of assets from Production 70's bankrupt estate. While there was an averment that Production 70's was defunct, we cannot assume that it would never have any residual assets. Thus we must conclude that the release was executed for good and valuable consideration.

As to the issue of whether Philips gave up any right, we believe that the items of consideration discussed in the preceding paragraph fully reveal that Philips gave up valuable rights (and gained valuable rights). The case of *Weems v. Freeman,* 234 Ga. 575 (216 SE2d 774) holds that an agreement not to enforce a judgment operates as a release from judgment thereby discharging all joint tortfeasors (the same as joint obligors). The law of this state does not allow a plaintiff fully to settle with (release) one joint obligor and agree not to enforce a judgment against him, while reserving a right to pursue others. See Fulmer v. Ward Machinery Co., 423 F Supp. 186, 188, in its discussion of *Weems,* supra.

Regardless of what was intended by Philips in its consent order not to pursue a judgment against Production 70's, the ultimate effect of that order was to release Dr. Bateman as a joint obligor on the same indebtedness with Production 70's.

In case number 61939, Dr. Bateman has filed a cross appeal asserting several grounds as to why the cause of action brought by Philips in this case is barred. As indicated in his brief in support of his cross appeal, Dr. Bateman properly concedes that we need not consider the issues presented by his cross appeal in view of the action taken by this court in case no. 61938. Accordingly, the appeal in case no. 61939 is dismissed as moot.

*Judgment affirmed in case no. 61938. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1981 —
REHEARING DENIED OCTOBER 13, 1981 IN CASE NO. 61938 —

*Christopher D. Olmstead, Jeffrey W. Morris,* for appellant.
*John M. Bovis, William F. Lozier, Jeffrey W. Morris, C. Sam Thomas, John C. Bach,* for appellees.