66336. BEVILL v. NORTH BROTHERS COMPANY et al.

CARLEY, Judge.

In 1980, the now deceased husband of plaintiff-appellant instituted a personal injury action in federal court against twenty-two defendants, all of whom were alleged to be joint tortfeasors. The basis for the federal action was Mr. Bevill's exposure to asbestos products which had been mined, manufactured, sold or distributed by the named defendants. Subsequent to the institution of the federal action, both Mr. Bevill and appellant executed a document denominated as a "Covenant Not to Sue." Named as the covenantees in the document were nineteen of the twenty-two defendants in the federal lawsuit (Covenantees). Pursuant to this agreement, Mr. Bevill and appellant received a sum of money, and the federal action was dismissed with prejudice as to all defendants.

Subsequently, appellant instituted the instant state court tort action against twenty-seven defendants, all of whom were alleged to be joint tortfeasors, and fifteen of whom were Covenantees in the "Covenant Not to Sue" referred to above. The basis for appellant's instant state action was her own alleged exposure to asbestos by virtue of contract with her husband's work clothes. Appellant prayed for a joint and several judgment against the twenty-seven defendants. All defendants filed answers and, thereafter, all moved for summary judgment. All defendants' motions for summary judgment were premised upon the existence of the "Covenant Not to Sue." Two days before the hearing on the motions, appellant dismissed her action as against the Covenantees, thus leaving her

action pending only against appellees, the twelve defendants who were not named Covenantees. After conducting a hearing on appellees' motions, the trial court entered an order finding that "[b]y including the [dismissed] 'Covenantees' in the case sub judice [appellant] converted the stated 'Covenant Not to Sue' into a release." Accordingly, the trial court found that appellees were "released" joint tortfeasors and granted their motions. In so holding, the trial court relied upon language in *Weems v. Freeman,* 234 Ga. 575 (216 SE2d 774) (1975), a case which the trial court found to be factually distinguishable but nonetheless controlling precedent in the instant case. Appellant appeals from the grant of appellees' motions for summary judgment.

1. Citing the "right for any reason" rule, appellees assert that, pretermitting the trial court's reliance upon *Weems v. Freeman,* supra, the grant of summary judgment was correct because the "Covenant Not to Sue" executed by appellant was in fact a general release of her asbestos-related claim. Since they are alleged to be joint tortfeasors with the Covenantees as to that claim, the appellees' contention is that the general release, though denominated as a "Covenant Not to Sue," served to extinguish appellant's right to pursue the instant action against them as well as against the Covenantees.

" 'A covenant not to sue is not a release, but it is to be distinguished from a release, and the distinction, although technical or artificial, is clear. The difference is one of intent and grows out of the construction placed on the terms of the instrument, since a covenant not to sue is not a present abandonment or relinquishment of a right or claim but merely an agreement not to enforce an existing cause of action, and, although it may operate as a release between the parties to the agreements, it will not release a claim against joint obligors or joint tortfeasors . . .' [Cit.]" *Mercantile Nat. Bank v. Founders Life Assur. Co.,* 236 Ga. 71, 73 (222 SE2d 368) (1976). "The primary consideration in the construction of such instruments is whether they show an intention on the part of the injured person to acknowledge a full satisfaction of his damage and injury, and so to relinquish the cause of action and extinguish the liability of all persons involved in causing the damage, or whether they show an intention only to accept a satisfaction of a part of the claim. And the intention of the parties, as shown by the instrument, will be given effect regardless of what the parties may call the instrument." *Harmon v. Givens,* 88 Ga. App. 629, 634 (77 SE2d 223) (1953).

As in *Smallwood v. Bickers,* 139 Ga. App. 720 (229 SE2d 525) (1976), there is language in the relevant document in the instant case which, if read in isolation and out of context, would be appropriately

employed in a general release. However, " '[t]he object of rules of interpretation [is] to discover the true intent of the parties, and in doing this we are to take the whole of [the instrument] together, and to consider this with the surrounding circumstances.' [Cits.]" *Smallwood v. Bickers,* supra at 723. Taking the document in the instant case as a whole and considering the surrounding circumstances, we find that the clearly denominated "Covenant Not to Sue" evidences an intent to "satisfy" appellant's claims only as against the named Covenantees and no others. See *Harmon v. Givens,* supra at 634-635; *Moore v. Smith,* 78 Ga. App. 49 (50 SE2d 219) (1948). Accordingly, summary judgment would not have been properly granted on the basis that, by its terms, the "Covenant Not to Sue" was in effect a general release of all non-covenanting parties.

2. We turn to the trial court's enunciated basis for its grant of summary judgment, which was the conversion of the "Covenant Not to Sue" into a general release by virtue of appellant's subsequent institution of the instant action jointly against the Covenantees as well as the appellees. As noted above, the trial court found the following language in *Weems v. Freeman,* supra at 577, controlling in the instant case: "Where there is a covenant not to sue, it is important that the parties to the covenant not be sued in fact or in fiction after the agreement has been executed. Otherwise, the substance of the agreement will be construed to be a release from judgment and will act to release all joint tortfeasors." "[A]n oral agreement *entered into during the trial of the case* (to accept $15,000 from each of two defendants, *let the trial proceed* and the third defendant pay a third of whatever judgment was rendered [is] in effect *an agreement not to enforce a judgment* and [is] therefore a release under [OCGA § 9-13-74 (Code Ann. § 39-604)] which also release[s] the third defendant who was not a party to the agreement." (Emphasis supplied.) *Mercantile Nat. Bank v. Founders Life Assur. Co.,* supra at 73. "[I]t is a non sequitur to claim that there is a covenant not to sue and *yet at the same time continue the action against those who are parties to the agreement.* This type settlement is in reality an agreement not to enforce the judgment against any defendant who is a party to the agreement." (Emphasis supplied.) *Weems v. Freeman,* supra at 576-577.

Unlike *Weems v. Freeman* and as the trial court recognized, the agreement denominated as a "Covenant Not to Sue" at issue in the instant case was not reached and executed in the context of litigation in which the Covenantees and appellees were all named as parties-defendant. The "Covenant Not to Sue," in which none of the appellees participated, was previously executed in connection with Mr. Bevill's prior federal litigation. Accordingly, the preexisting

"Covenant Not to Sue" was, as to the institution of instant action against the Covenantees, solely a matter of defense, a defense which appellees did not share with the Covenantees. "A covenant not to sue creates a *personal right in the form of protection against suit.* In essence, a covenant not to sue creates a defense to suit." (Emphasis supplied.) *Brantley Co. v. Briscoe,* 246 Ga. 310, 312 (271 SE2d 356) (1980). The Covenantees have successfully raised that defense in the instant case and, as the result, they, unlike the covenantees in *Weems v. Freeman,* are no longer in a position to have an unenforceable judgment entered against them.

Unlike the trial judge, we find *Weems v. Freeman* is not only factually distinguishable for the reasons discussed above, but that the decision in that case is also legally distinguishable for exactly the same reasons. *Weems v. Freeman* does not stand for the proposition that an otherwise valid covenant not to sue *automatically* becomes a general release in the mere event that a suit is subsequently instituted jointly against the covenantees and others. It is clear that *Weems v. Freeman* stands only for the proposition that, in certain circumstances, the law will deem what is purported to be a covenant not to sue to be, in effect, an agreement not to enforce a judgment pursuant to OCGA § 9-13-74 (Code Ann. § 39-604). It is obvious that the ultimate holding of *Weems v. Freeman* is premised upon: (1) The *continuation* of litigation against *all* defendants after a purported covenant not to sue has been executed in favor of *some* defendants; and (2) the eventual rendering of an ostensibly valid *judgment* against *all* defendants, which judgment would in fact be un-enforceable as against those who are covenantees. It is only in those circumstances that a purported original covenant not to sue becomes, in effect, an agreement not to enforce a judgment pursuant to OCGA § 9-13-74 (Code Ann. § 39-604). If a defendant has secured an agreement whereby he is not to be sued, he certainly should not thereafter be sued to judgment. If he is sued to judgment, then regardless of what it is denominated, the agreement definitely cannot be a covenant "not to sue." It must instead be an agreement "not to enforce the judgment" which is subsequently rendered in the case. If the agreement is one "not to enforce a judgment" rather than a covenant "not to sue," all defendants who would otherwise be jointly liable on the judgment are released thereby. See *Powell v. Davis,* 60 Ga. 70 (cited as the controlling authority in *Weems v. Freeman,* supra).

Appellant did not enter into an explicit agreement with the original Covenantees not to enforce a judgment against them. Compare *Philips Audio Video Sys. Corp. v. Bateman,* 160 Ga. App. 12 (285 SE2d 747) (1981). She executed a covenant not to sue them. The

subsequent institution of suit against the now-dismissed Covenantees did not automatically have the effect of converting the otherwise valid covenant not to sue into a current agreement not to enforce a judgment. The inconsistency and subterfuge evidenced in *Weems v. Freeman* by employment of a "Covenant Not to Sue" while proceeding to an unenforceable judgment against the covenantees simply does not exist in the instant case. Appellees are no more prejudiced by the existing factual circumstances than by those which would have existed had the Covenantees secured appellant's "Covenant Not to Sue" within the context of the instant litigation. "[A] covenant not to sue can be made lis pendens and the suit dismissed as to the tortfeasors making the settlement . . ." *Weems v. Freeman,* supra at 576. The Covenantees have been dismissed and the litigation can proceed without them with no possibility that an ostensibly valid judgment, nonetheless unenforceable against the Covenantees, will ever be rendered jointly against them and appellees. The Covenantees have received the full defensive benefit of the "Covenant Not to Sue" and no joint judgment, unenforceable as to them, will be entered against appellees in the instant case. Under these circumstances, appellees were not "released" from any and all possible liability to appellant. The only benefit that they derive from the existence of the "Covenant Not to Sue" is to have any damages which may be awarded to appellant reduced to the extent of the consideration she received for execution of the document. *Harmon v. Givens,* supra. The trial court erred in holding that the factually distinguishable decision in *Weems v. Freeman,* supra, was controlling in the instant case.

3. Discussion of any remaining unaddressed enumerations is rendered unnecessary by resolution of the case for the reasons discussed above.

*Judgment reversed. Deen, P. J., concurs. Banke, J., concurs in the judgment only.*

DECIDED SEPTEMBER 8, 1983 —
REHEARING DENIED SEPTEMBER 22, 1983 —

*Richard H. Middleton, Jr., Eugene C. Brooks IV,* for appellant.
*Jonathan D. Sprague, James M. Thomas, William H. Whaley, Andrew J. Hill III, Robert C. Norman, Paul W. Painter, Jr., Peter K. Kintz, David M. Zacks, William D. Barwick,* for appellees.