No. 61.—BEHN & FOSTER, and another, plaintiffs in error, *vs.* JOHN N. PHILLIPS, defendant in error.

[1.] A mortgage executed by a defendant against whom a verdict has been rendered, upon which an appeal has been taken, is an *alienation*, within the sense of the Act of December 19th, 1822, passed for the purpose of preventing " an alienation by the party of his, her or their property, between the signing of the first judgment and the judgment on the appeal."

Rule, in Dougherty Superior Court. Decision by Judge PERKINS, at May Term, 1855.

Behn & Foster recovered judgments against A. Y. Hampton, from which he appealed, with James J. Green as his surety on the appeal. Before judgment on the appeal, Hampton executed mortgages to other creditors, upon portions of his property. Upon a rule to distribute money arising from the sale of the mortgaged property, the facts being agreed on, Counsel for Behn & Foster moved the Court for a rule adjudging the money to them, on the ground that the mortgages were *alienations* by the defendant, in contravention of the Act of 19th December, 1822. The Court refused the the rule, and this decision is assigned as error.

The writ of error was sued out in the name of Behn & Foster and James J. Green, the surety on the appeal. A motion was made to dismiss the writ of error, on the ground that James J. Green was no party to the proceedings in the Court below, and was improperly joined as a party; and that Behn & Foster were not made parties to the writ by their consent,

nor are they represented here by Counsel; nor do they complain of the.decision set forth in the bill of exceptions.

HINES; CONLEY, for plaintiff in error.

R. F. LYON, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The judgment in this case must be controlled by the ·construction which is given to the Act of December 19th, 1822, declaring, that "where an appeal is entered from the first verdict, the property of the party against whom the verdict is rendered, shall not be bound, except from the signing of the judgment on the appeal, except so far as to prevent the the alienation by the party of his, her or their property, between the signing of the first judgment and the signing of ·the judgment on the appeal."

Pending this appeal, the judgment debtor, A. Y. Hampton, executed certain mortgages of his property to other persons than the plaintiffs in error, (who were the plaintiffs in the case which was upon appeal,) and. the question is now made, whether or not such a mortgage was an *alienation* of his property by the debtor, within the meaning and purpose of the aforesaid Act.

We may be aided, in the effort to discover the sense in which the word *alienation* was employed in the Act, by first ascertaining what was the mischief which the Act was intended to remedy. It will be admitted, without cavil, that that mischief was *the parting with that power over, or interest in the property by the defendant, which would operate to the prejudice or deprivation of the substantial interest of the judgment creditor.* The Act was intended to secure and preserve, to the plaintiff, the interest in, or lien upon, the defendant's property, which had been created by his verdict and judgment. And it was undoubtedly intended, that by it he should be restrained from doing any thing, the effect of

which would be to vest in another, any such interest in or right over his property, as would effectually defeat the plaintiff's right to have the same made subject to any judgment he might finally obtain on the appeal. Any thing, therefore, done by the defendant, which would operate to the deprivation of the judgment creditor's interest, would be, in our opinion, an *alienation* within the sense of the Act.

It is true that the Common Law definition of alienation was different. That was *a parting with property, the direct object of which was to deprive the heirs of the substantial interest in the estate.* And it has been correctly argued by our brother Lyon, that a conveyance by mortgage, being in Georgia a mere security for the debt—a mere lien, is not an alienation in this sense. But if we are right in what we have already shown, the Legislature did not contemplate an alienation in this sense—was not looking to a parting with the property with reference to the interest of the heirs, but to that of the judgment creditor.

Inasmuch, then, as a mortgage, unless it be held to be an alienation within the terms of the Act, as thus construed, could be easily and readily resorted to by the defendant, instead of a direct conveyance, and thus the mischief which the Act was intended to correct be left entirely unremedied, we think it becomes very plain that a mortgage is such an alienation, in our State, as was contemplated by the Legislature which passed this Statute.

An effort has been made to analogize this lien by mortgage, in Georgia, to other mere liens which are not conveyances. A debt contracted by the defendant, during the pendency of the appeal, has been taken as an example.

If such a lien were coupled with a power which authorized the creditor, without any further act of the debtor, to enforce the same against the property of the debtor, and gave the judgment relation back to the time of the contract, then the analogy would serve. But such are not characteristics of a mere debt; and therefore, the reasoning is not accurate.

Let the judgment be reversed.