Peter Solomon, claimant, plaintiff in error, vs. Ovid G. Sparks, plaintiff in *fi. fa.*, and Willis S. Breazeal, defendant in *fi. fa.*, defendants in error.

A mortgage deed is not within the Act of 1818, to prevent persons unable to pay their debts, from assigning their property, "*in trust*" for some of their creditors, in preference to others.

Claim, in Bibb Superior Court. Tried before Judge Lamar, at November Term, 1858.

This was a claim interposed by Peter Solomon, to certain lands levied upon by the Sheriff of Bibb county, under and by virtue of a mortgage *fi. fa.*, issued from the Superior Court of said county, at the suit of Ovid G. Sparks, the mortgagee, against Willis S. Breazeal, the mortgagor.

Solomon claimed the lands under a former purchase at Sheriff's sale, made under general judgments and executions against Breazeal.

The issue was made up and submitted to the jury.

Plaintiff offered in evidence his mortgage deed, dated 22d July, 1854, which, after reciting that Breazeal was indebted to Mrs. Sparks, his daughter, and the wife of plaintiff, on account of the use and hire of her property and negroes, the sum of $7,580 00; and that Sparks, to relieve and assist Breazeal, had agreed to assume and pay a large amount and number of debts (describing them,) due by him, Breazeal, conveys to Sparks, not only all the lands levied upon by the Sheriff, but likewise ten mules, two horses, twenty head of cattle, sixty head of hogs, plantation tools of all kinds, and two wagons and gear belonging to said plantation, and also mortgagor's undivided half interest in twelve mules, the wagons and gear, and other property attached to the mills on said premises, owned jointly by himself and one John T. Brown, upon condition that if the said Breazeal shall, on or before the 1st January, 1855, pay to said Sparks the half of said $7,580 00, and by the 1st January, 1856, pay the other half, and shall, within six months after the said Sparks shall have paid for him any of the debts enumerated, "or any other debt not now enumerated, and which at the request of said Breazeal he may pay for said Breazeal," refund the same, then said mortgage conveyance to be null and void, else to remain in full force.

The plaintiff in the mortgage *fi. fa.* then offered in evidence the record and proceedings of foreclosure of said mortgage, in Bibb Superior Court. The *fi. fa.* dated 1st January, 1857, for $12,068 00 principal, and $973 24 interest to 24th November, 1856.

Plaintiff then proved by *John T. Brown,* that at the date of the mortgage, Breazeal was in possession of the mortgaged premises; that in 1854, Sparks and Breazeal referred to him, as a mutual friend, to estimate and award the annual hire of the negroes belonging to Mrs. Sparks, while in his, Breazeal's, possession, from the death of her mother to the time of her marriage with Sparks; that he knew the negroes well,

and their value, and he estimated their value for this period at $7,500 00; that in his estimate he did not charge Brea-zeal with interest on the hire; if he had done so, it would have amounted to $12,000 00. The negroes were given to Mrs. Breazeal by her father, Mr. Jones, by deed of gift, for and during her life, and at her death, to her child or children; that Mrs. Sparks was the only child; that the deed was on record in Burke county, and was destroyed by the burning of the court-house there; Mrs. Breazeal had been dead some years. [The mortgage recites that she died in 1843.—REP.]

*Cross-examined.*—He only knew of the indebtedness of Breazeal to Sparks from the parties themselves; Sparks married Breazeal's daughter; the mortgage included all the property Breazeal had, except some household furniture and about 13 negroes, which he had mortgaged to his brother, to indemnify him on a security debt of $6,000 00. At the time the mortgage to Sparks was executed, (July, 1854,) Breazeal was unable to pay his debts; he was sued, and suits were pending against him; supposes Breazeal supported and educated his daughter from the death of her mother till her marriage; that the amount of interest on the hire of the negroes would have supported and educated her. Plaintiff here closed.

Claimant proved by *Robert B. Barfield*, that at the time said mortgage was executed, Breazeal was largely indebted; that executions amounting to several thousand dollars, were in his hands, as Deputy Sheriff, against him, in the year 1856, which he returned unsatisfied; that some suits were pending on some of these cases in July, 1854; that he was present when the land now in controversy was sold by the Sheriff; was bought by Peter Solomon, the claimant; that notice was given at the sale of Sparks's mortgage.

Claimant then offered and read in evidence, the Sheriff's deed to him for the same premises contained in the mortgage, dated 6th November, 1855, executed in pursuance of a levy and sale, under an execution of claimant against said Brea

zeal, and Henry E. Moore, amounting to $900 00. Sale made first Tuesday in November, 1855. Also offered and read in evidence, a declaration in attachment, at the suit of claimant against Breazeal, and Henry E. Moore, filed in office 18th April, 1854, and judgment signed thereon 27th November, 1854, for $4,640 55 principal, besides interest and cost, and an execution on said judgment, dated 5th January, 1855. Here claimant closed.

1st. Upon the conclusion of the evidence, and after argument by counsel, claimant requested the Court to charge the jury, that the deed introduced in evidence by plaintiff, as a mortgage, was void and of no effect under the Act of 1818, and that the property was not subject to the *fi. fa.* issuing upon the foreclosure thereof. The Court refused so to charge, but charged, that the deed was a mortgage, and good and valid if founded upon a *bona fide* debt or debts. To which charge and refusal to charge claimant excepted.

2d. Claimant further requested the Court to charge the jury, that in as much as part of the consideration specified in the mortgage was the payment of debts to be designated by the grantor, that fact is evidence of a trust for his benefit, and the deed is void. Which charge the Court refused to give, and claimant excepted.

3d. Claimant further requested the Court to charge, that the mortgage cannot be good in part and void in part; and if any portion is obnoxious to the Act of 1818, the whole is void. Which charge the Court refused to give, but in lieu of the two last requests, charged the jury, that there was no trust in said mortgage deed, and the same was good and valid if made to secure a *bona fide* debt existing at the time. To which charge and refusals to charge claimant excepted.

The jury found in favor of the lien of the mortgage *fi. fa.*, and counsel for claimant tendered their bill of exceptions, assigning as error the charges and refusals to charge above excepted to.

SPEER & HUNTER, for claimant and plaintiff in error.

JOHN RUTHERFORD, *contra*.

*By the Court.*—BENNING J. delivering the opinion.

Was the mortgage deed contrary to the Act of 1818, which forbids insolvent debtors, to make preferences among their creditors?

The Act declares, that assignments made by persons unable to pay their debts, "in trust" for the benefit of some of their creditors, in preference to others, shall be fraudulent and void as "against creditors." *Pr. Dig.* 164.

Is a mortgage deed an assignment "in trust?" If it is not, it is something which is not at all within the Act. This is manifest.

It has been held by this Court, that a mortgage deed is not even a conveyance; that, it is a sort of thing which creates merely a lien. *Davis vs. Anderson*, 1 *Kelly*, 193 ; *Elfe vs. Cole*, decided at Macon, January, 1858.

If a mortgage deed is not a conveyance at all—not an assignment at all—it cannot be an assignment "in trust," and therefore, it must be a thing which is not within the Act.

But there are some decisions of the Court, inconsistent with the idea, that a mortgage deed is not a conveyance. *Behn & Foster vs. Phillips*, 18 *Ga.* 466 ; *Knowles vs. Lawton, Id.* 476. And in my individual opinion, a mortgage is a conveyance. See my opinion in *Elfe vs. Cole, supra*.

Conceding, then, for the sake of the argument, that a mortgage is a conveyance, is it a conveyance "in trust?" And the answer must be in the negative. The estate created by a deed of mortgage, is a *conditional* estate *at law*. The mortgagee holds *as his* the property mortgaged, on condition that the debt is not paid. All that equity has to do with the estate, is to relieve the mortgagor against a breach of the condition, by allowing him to redeem the property after such

breach, on payment of the debt.    And this, equity does, on the same principle on which it relieves the debtor by bond against the penalty of the bond.    And that principle is, that it would be unconscientious in either case, to let the creditor hold on to his legal rights, when he is offered the money he lent with interest.    This is the principle.    There is no such principle as that the mortgage deed conveys the property, to the mortgagee *"in trust"* for the mortgagor, or conveys it, otherwise *in trust*.    No such principle as that it creates the relation of trustee, and *cestui que trust* between the mortgagee and mortgagor.

It must follow then, that although it may be true, that a mortgage is a conveyance—an "assignment"—it cannot be true, that it is a conveyance, or an assignment, "in trust." And, therefore, it follows, that a mortgage deed, even if an assignment, cannot be within the provisions of the Act of 1818, aforesaid.

It was argued that a part of the debts provided for by the mortgage stood upon a different footing, from the rest, the part not enumerated, but as to which it was stipulated that they might be paid by Sparks, the mortgagee, when pointed out to him by Breazeal, and on Breazeal's request.    It was argued, that these might be debts of a creation indefinitely subsequent to the mortgage.    But we think that that was not the intention.    We think, that the intention was, merely, to provide for some existing debts which, the parties could not remember, at the moment, or, as to which, they were undecided about putting them in the mortgage.

Even, however, if these were intended to be debts of future creation, that fact would not prevent the instrument from being, a *mortgage deed*, and, if it was a mortgage deed, it was not, as we have seen, within the Act of 1818.    And the sole question in the case is, whether the instrument was within the provisions of that Act.

Judgment affirmed.