45543, 45632.   JONES v. SHEFFIELD et al. (two cases).

JORDAN, Presiding Judge. J. Walter Sheffield and S. Scott Sheffield commenced an action in the lower court to recover as the payees of a promissory note ostensibly signed by C. M. Brown, Jr. as the maker and Justin L. Jones as the endorser. One appeal by Jones is from a series of orders, the last of which terminated the case in the lower court by the grant of a summary judgment on April 22, 1970, against Jones and Brown for the face amount of the note, plus interest and attorney's fees. This appeal was filed in this court on June 9, 1970. Brown did not appeal. Jones also appeals from an order of the lower court on June 12, 1970, granting the Sheffields' motion to require supersedeas bond. On September 16, 1970, the Sheffields also moved this court to require a supersedeas bond. *Held:*

1. While the record in the first appeal is beclouded with much contradictory evidentiary matter as to the events preceding the making and endorsing of the note it is clear that Jones admitted, not without reluctance, that he did sign the note as endorser, and that the note was endorsed under circumstances which afford no legal basis to support his claim of coercion (if treated as a claim of duress) and in order to settle a claim by the Sheffields for money had and received by Jones and Brown, all of which Brown ultimately received, in payment for stock sold to the Sheffields by Brown, which was never delivered. In our opinion this evidence on motion for summary judgment establishes without dispute that the Sheffields, as payees, are holders in due course to whom Jones is liable, even though he may be merely an accommodation endorser, and known to the Sheffields as an accommodation party at the time of execution. See UCC §§ 109A-3—302, 109A-3—303, 109A-3—305, 109A-3—414, 109A-3—415. In the absence of any genuine issue of material fact to support a defense to the action, the claim being established by undisputed facts, the trial judge properly granted summary judgment to the plaintiffs. See UCC § 109A-1—103; *Code* § 20-503; *Hoover v. Mobley,* 198 Ga. 68 (31 SE2d 9); *Bond v. Kidd,* 1 Ga. App. 798, 801 (57 SE 944).

2. The docketing of the first appeal in this court on June 9, 1970,

terminated the authority of the judge of the lower court to act on the motion to require supersedeas bond then pending in that court. His subsequent order of June 12, 1970, being invalid for this reason, the previous filing of the notice of appeal in the lower court continued to operate as a supersedeas. See Ga. L. 1965, pp. 18, 22 (*Code Ann.* § 6-1002 (a, b).

3. Inasmuch as the action of this court in affirming the lower court in Case 45543 eliminates the supersedeas now in effect and upon becoming final will allow the plaintiffs to proceed to enforce the judgment, the motion filed in this court on September 16, 1970, to require a supersedeas bond is denied.

*Judgment affirmed in Case 45543; reversed in Case 45632. Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 10, 1970—DECIDED SEPTEMBER 18, 1970— REHEARING DENIED OCTOBER 6, 1970—

*Jones & Somers, John Paul Jones, Fred L. Somers, Jr.,* for appellant.

*Harris, Rolader & Simmons, D. W. Rolader, Charles L. Weltner,* for appellees.