A93A2028, A93A2029, A93A2293, A93A2294. PRUETT et al.
v. COMMERCIAL BANK OF GEORGIA (four cases).
(440 SE2d 85)

ANDREWS, Judge.

*Case Nos. A93A2028 and A93A2029*

This is the second appearance of this dispute before us. The first appearance was in *Pruett v. Commercial Bank of Ga.,* 206 Ga. App. 103 (424 SE2d 284) (1992). In that case, Pruett and Groover, appellants here, appealed an order granting summary judgment in favor of Commercial Bank on a $7,000 promissory note and a personal guarantee executed by appellants on a real estate note in the principal amount of $2,100,000. The trial court had entered judgment for $9,208.41 on the promissory note and $2,753,208.02 on the personal guarantee.

The two matters were consolidated into one case before the trial court and handled as one case by this court. We determined that there were no factual issues with regard to the execution of the notes, default thereon, and interest due as of May 1991. Nevertheless, we determined that factual issues precluding summary judgment existed as to interest accrued after May 31, 1991, and the award of attorney fees on both notes. This court therefore affirmed in part, and reversed in part the trial court's grant of summary judgment.

Following the remittitur to the trial court, the court entered separate orders regarding the two different matters. In Case No. A93A2028, regarding the $7,000 promissory note, the trial court entered judgment in the amount of $7,000 for the principal, $1,140.43 for the interest through May 31, 1991, and $96 in costs — for a total of $8,236.43. The trial court's order stated that it was entering final judgment as to those amounts affirmed by the Court of Appeals. It

further stated that "those portions of the Court's previous judgment of November 25, 1991 that were reversed on appeal remain pending in this Court and are not affected by this Order and Judgment."

Similarly, upon remittitur in Case No. A93A2029, regarding the $2,100,000 personal guarantee, the court entered final judgment as to the portions of its previous award which were affirmed by this court on appeal. The court stated that Commercial Bank was entitled to the principal amount of $2,100,000; $209,708.33 for interest through May 31; and $124 in costs. Again the court stated, "those portions of the Court's previous judgment of November 19, 1991 that were reversed on appeal remain pending in this Court, and are not affected by this Order and Judgment."

Here, citing *Dixieland Truck Brokers v. Intl. Indem. Co.*, 210 Ga. App. 160 (435 SE2d 520) (1993), appellants argue that our prior decision was erroneous and that the trial court's grant of summary judgment should have been reversed in full since the evidence regarding all of the amounts due was insufficient. Accordingly, appellants claim that the instant orders appealed, which were premised on this court's previous decision, were erroneously entered.

These arguments are improper since they seek to relitigate matters which have already been determined by this court. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. OCGA § 9-12-42 states that "[f]or a former judgment to be a bar to subsequent action, the merits of the case must have been adjudicated." See generally *Roberts v. Porter, Davis, etc.*, 193 Ga. App. 898, 900 (1) (389 SE2d 361) (1989). The matters raised here are the same matters raised in the previous appeal of this case, and concern the same parties; thus the former judgment bars this action. Because of this conclusion, we will not address the jurisdictional question raised in Case No. A93A2028 by Commercial Bank regarding the fact that after the court entered separate orders in the previously consolidated cases, the $10,000 threshold amount was not reached.

Commercial Bank's motion for fees for frivolous litigation is denied.

### Case Nos. A93A2293 and A93A2294

In these cases, Pruett and Groover have filed two direct appeals regarding the trial court's June 14, 1993 orders in Case Nos. A93A2028 and A93A2029, which required them to post supersedeas bonds pursuant to OCGA § 5-6-46. In Case No. A93A2028, bond was

set in the amount of $10,000 and in Case No. A93A2029, $2,000,000 bond was ordered. The appeals in the underlying cases were docketed on June 30, 1993.

Commercial Bank filed a motion to dismiss these appeals on the basis that an order requiring a supersedeas bond is not a final, appealable one within the meaning of OCGA § 5-6-34. Without addressing the broad question of the general appealability of an order granting a supersedeas bond, we agree. In the instant matter, although the trial court certified as final the orders in Case Nos. A93A2028 and A93A2029 pursuant to OCGA § 9-11-54 (b), no such finality was indicated on the orders regarding the bonds. Since there are still matters pending in the cases, clearly the orders granting the bonds are not final and thus, not subject to direct appeal.

*Case Nos. A93A2028 and A93A2029 affirmed. Case Nos. A93A2293 and A93A2294 dismissed. Birdsong, P. J., and Blackburn, J., concur. Pope, C. J., not participating.*

DECIDED JANUARY 21, 1994.

*The Nodvin Firm, Marvin P. Nodvin, David W. McLeod*, for appellants.

*Frankel, Hardwick, Tanenbaum & Fink, James J. Brissette*, for appellee.