A95A2382. GROOVER v. COMMERCIAL BANCORP OF
GEORGIA, INC.
(467 SE2d 355)

ANDREWS, Judge.

Groover and Pruett personally guaranteed a note in the principal amount of $2,100,000 given by Millennium Development II Corporation (Millennium) to Commercial Bank of Georgia (Commercial Bank). After Millennium defaulted on the note and Commercial Bank assigned the note to Commercial Bancorp of Georgia, Inc. (Commercial Bancorp), Commercial Bancorp sued Groover and Pruett to collect on the note pursuant to the guarantees. The trial court entered summary judgment in favor of Commercial Bancorp, and Pruett and Groover appealed. In *Pruett v. Commercial Bank of Ga.,* 206 Ga. App. 103 (424 SE2d 284) (1992) (the first appeal), we affirmed the grant of summary judgment in favor of Commercial Bancorp for the $2,100,000 principal amount due on the note and for pre-judgment interest due on the note through May 31, 1991. Id. at 104. We reversed the grant of summary judgment as to pre-judgment interest due under the terms of the note after it matured from June 1, 1991, until the date of the judgment, concluding that the amount of interest due had not been properly calculated. Id. at 104-105. We also reversed the grant of summary judgment for attorney fees for collection on the note because the record did not establish that the statutory

notice required by OCGA § 13-1-11 had been given. Id. at 105. Upon the filing of the remittitur from this Court, the trial court re-entered judgment on the portion of its prior judgment affirmed on appeal. Subsequently, Pruett and Groover appealed again, and in *Pruett v. Commercial Bank of Ga.*, 211 Ga. App. 692 (440 SE2d 85) (1994) (the second appeal), we again affirmed the same principal and interest portions of the trial court's original judgment which were affirmed in the first appeal. In December 1993, while the second appeal was pending, Commercial Bancorp settled its claims against Pruett. After the second appeal, Commercial Bancorp again moved for summary judgment on interest and attorney fees due as provided by the note and moved the trial court to amend the execution issued on the judgment affirmed in the first appeal. The trial court granted both motions and Groover brings this third appeal.

1. Groover claims on various grounds that the trial court erroneously granted summary judgment to Commercial Bancorp for interest and attorney fees.

(a) Groover contends that an agreement under which Commercial Bancorp settled its claims against Pruett also released her (Groover) from all liability on the note.

The record reflects that in December 1993 Commercial Bancorp entered into a written settlement agreement with Pruett. The agreement recited the judgment entered against Pruett and Groover on the note in the amount of $2,309,832.33, which was affirmed in the first appeal, and noted that the second appeal from the judgment was pending at the time of the settlement agreement. The agreement stated that in consideration of payment by Pruett of $100,000 on or before December 23, 1993, and $25,000 on or before April 1, 1994, Commercial Bancorp would settle its claims against Pruett based on the note. The agreement further recited that the payments by Pruett were not to be considered a full satisfaction of the judgment, that the settlement with Pruett was not intended as a release of Groover, and that Commercial Bancorp retained its right to pursue Groover to collect the remaining amounts due under the note.

Groover contends that under the provisions of OCGA §§ 13-4-80 and 9-13-74 the agreement operated to release her from any further obligation on the note pursuant to her guaranty or from any obligation on the judgment. Under OCGA § 13-4-80, "[w]hen a creditor releases another who is bound jointly with or primarily to a debtor or accepts from a debtor a higher security for the same debt, not intended to be collateral thereto, a release results by operation of law." Under OCGA § 9-13-74, "[a]n agreement for a valuable consideration never to enforce a judgment or execution shall release the judgment or execution." Because the settlement agreement between Commercial Bancorp and Pruett clearly provided that Pruett's payments were

not a full satisfaction of amounts due on the note and that Commercial Bancorp retained the right to proceed against Groover, the agreement cannot be construed as a general release of Groover under either of the above Code sections. *Crim v. Jones,* 204 Ga. App. 289, 291 (419 SE2d 130) (1992). This is true whether the settlement agreement is characterized as a covenant not to sue executed lis pendens as to the portion of interest and attorney fees not reduced to judgment or as an agreement not to enforce the existing judgment for principal and interest. Id. at 291-292; *Marret v. Scott,* 212 Ga. App. 427 (441 SE2d 902) (1994); *Ga. R. Bank &c. Co. v. Griffith,* 176 Ga. App. 198 (335 SE2d 417) (1985); compare *J & S Properties v. Sterling,* 192 Ga. App. 181 (384 SE2d 194) (1989).

The case of *Weems v. Freeman,* 234 Ga. 575 (216 SE2d 774) (1975), cited by Groover as authority supporting her release argument, does not require a contrary result. *Weems* dealt with the common law rule of release as applied to joint tortfeasors and in the tort context has been effectively overruled by subsequent rulings in *Posey v. Med. Center-West,* 257 Ga. 55 (354 SE2d 417) (1987) and *Lackey v. McDowell,* 262 Ga. 185 (415 SE2d 902) (1992), which provide that only those parties named and released in the instrument at issue will be discharged. To the extent *Weems* may be construed as authority governing the release of the joint guarantees made by Pruett and Groover in this case, *Weems* expressly recognizes that no release occurs "[w]here the right to sue [the remaining party] has been reserved and the plaintiff has not received full satisfaction. . . ." Id. at 576; *Crim,* supra at 291; *Marret,* supra at 431.

(b) Groover also claims that in granting summary judgment the trial court awarded interest which erroneously included post-judgment interest calculated not only on the principal amount due on the note but also on accrued pre-judgment interest.

In the first appeal, we affirmed the trial court's November 19, 1991 grant of summary judgment for the principal amount due on the note and for pre-judgment interest due as of May 31, 1991, and reversed the portion of the judgment awarding pre-judgment interest after May 31, 1991, and attorney fees for collection on the note. As to the pre-judgment interest after May 31, 1991, we found Commercial Bancorp failed to properly calculate the amount due from June 1, 1991, to the November 19, 1991 judgment date. The second appeal reaffirmed the same portions of the original judgment affirmed in the first appeal. Although two appeals were taken from the original judgment on the note entered by the trial court on November 19, 1991, the trial court's judgment in favor of Commercial Bancorp as to liability on the note and the principal sum due was affirmed in both appeals. Accordingly, post-judgment interest ran, not from the date the trial court adopted the appellate judgment of this Court, but from the

date the original judgment was entered in the trial court on November 19, 1991. *CRS Sirrine, Inc. v. Dravo Corp.*, 219 Ga. App. 301 (464 SE2d 897) (1995); see *Wilensky v. Blalock*, 205 Ga. App. 845, 846 (424 SE2d 26) (1992); OCGA § 7-4-12.

In support of its motion for summary judgment as to interest due after May 31, 1991, Commercial Bancorp produced an affidavit from one of its officers calculating interest due from June 1, 1991, to September 20, 1993, in the amount of $917,682.30. Accordingly, the amount of interest calculated in Commercial Bancorp's affidavit from June 1, 1991, to the judgment entered on November 19, 1991, was pre-judgment interest on the note, and the interest calculated after that date was post-judgment interest. Since the note provided for interest at a specified rate, the rate of interest specified in the note was correctly applied by Commercial Bancorp to both the pre-judgment and post-judgment calculations in the affidavit. OCGA § 7-4-12.

Nevertheless, Groover claims the affidavit calculating interest erroneously determined the total amount of interest due by calculating post-judgment interest not only on the principal amount due on the note but also on accrued pre-judgment interest. Under OCGA § 9-12-10, "[i]n all cases where judgment is obtained, the judgment shall be entered for the principal sum due, with interest, provided the claim upon which it was obtained draws interest. No part of the judgment shall bear interest except the principal which is due on the original debt." "[T]his . . . statute forbids post-judgment interest except on the principal or original debt and expressly excludes pre-judgment interest, where authorized, to be included in the amount used to compute post-judgment interest." *Dept. of Transp. v. Consolidated Equities Corp.*, 181 Ga. App. 672, 677 (353 SE2d 603) (1987). The affidavit provided by Commercial Bancorp for the calculation of interest from June 1, 1991 through September 20, 1993, clearly shows that, once a month, accrued interest was added to the principal balance due and interest for the next period, including post-judgment interest after November 19, 1991, was calculated on the new principal balance plus the accrued interest. Thus, it is clear that the interest total calculated in the affidavit and awarded in the order granting summary judgment includes amounts expressly excluded by OCGA § 9-12-10. *Windermere, Ltd. v. Bettes*, 211 Ga. App. 177, 180-181 (438 SE2d 406) (1993).

(c) In light of our conclusion that the affidavit provided by Commercial Bancorp in support of summary judgment was insufficient because it improperly calculated the amount of interest due, we need not address Groover's additional claim relating to the technical sufficiency of the affidavit.

(d) Groover claims that payments made by Pruett pursuant to the December 1993 settlement agreement were not properly taken

into consideration in the calculation of interest and attorney fees due under the note.

The affidavit calculating the amount of interest due does not reflect any payments made by Pruett pursuant to the settlement agreement, and the record does not show whether or not Pruett made the agreed upon payments. Even if he did, any payments under the agreement would have no bearing on the calculation of the amount of prejudgment interest which accrued on the note from June 1, 1991, until judgment was entered on November 19, 1991. We agree that the calculation of post-judgment interest would be affected to the extent that any partial payments made on the note by Pruett reduced the principal amount on which post-judgment interest is calculated. However, the calculation of post-judgment interest through September 20, 1993, in the Commercial Bancorp affidavit could not have been affected by any subsequent payments made by Pruett under the December 1993 settlement agreement.

As to attorney fees, the note provided that, if collected by or through an attorney, 15 percent of the unpaid balance on the note was due as attorney fees. OCGA § 13-1-11. An affidavit in support of the award of attorney fees shows that the notice required by OCGA § 13-1-11 was given, and the record reflects that the amount of attorney fees was calculated solely on the principal amount due on the note at the time of default and suit for collection. Accordingly, the calculation of attorney fees due was unaffected by any subsequent payments made by Pruett under the settlement agreement. The trial court properly granted summary judgment as to attorney fees due for collection of the note.[1]

2. Groover contends that the trial court erred by granting Commercial Bancorp's motion to amend the execution issued on the judgment after the return of the remittitur from the first appeal.

The trial court's order granting the motion recites that the trial court entered a judgment in favor of Commercial Bancorp on November 19, 1991; that on November 20, 1991, Groover and Pruett filed a notice of appeal to this Court from the judgment; that in December 1991, while the appeal was pending, Groover executed a debt deed conveying an interest in her real property to her attorney; and that a portion of the original judgment was subsequently affirmed by this Court on appeal. The order further recites that, following the April

---

[1] Obviously, since Commercial Bancorp is entitled to only one satisfaction on the note, any payments made by Pruett on the note pursuant to the settlement agreement must be credited as against any remaining amounts sought to be recovered against Groover on the note. *Atlantic Coast Line R. Co. v. Ouzts*, 82 Ga. App. 36, 59 (60 SE2d 770) (1950). It follows that the provision in the settlement agreement requiring that Commercial Bancorp and Pruett keep confidential and not divulge amounts paid by Pruett is not enforceable to prevent Groover from discovering any sums paid by Pruett on the note.

1993 return of the remittitur, the trial court re-entered judgment against Groover and Pruett in the amount of $2,309,832.33, the portion of the original judgment affirmed on appeal, and issued an execution on the judgment on April 27, 1993.

The motion to amend the execution was brought pursuant to OCGA § 9-13-5, which provides that an execution "may be amended so as to conform to the judgment upon which it issued and to the time of its return. . . ." Commercial Bancorp sought to have the 1993 execution amended to ensure that the judgment had priority over the 1991 debt deed given by Groover to her attorney. Accordingly, the motion sought to conform the execution to the original 1991 judgment "so that it is deemed issued pursuant to the [trial] court's judgment of November 19, 1991 to the extent that it was affirmed by the Court of Appeals."

The filing of the notice of appeal the day after the trial court entered the judgment precluded the issuance of an execution on the judgment prior to the appeal, suspended the judgment, and acted as supersedeas staying any execution attempts during the appeal. OCGA §§ 9-11-62; 9-12-19; 5-3-7; 5-6-46. Under OCGA § 5-6-12, "[i]f the judgment of the lower court is affirmed, upon the filing of the remittitur with the clerk of the court below, the supersedeas shall cease and execution shall issue at once for the amount of the original judgment." Upon this Court's affirmance of a portion of the trial court's judgment and the filing of the remittitur, the trial court correctly entered judgment for the portion of the original judgment affirmed on appeal and issued an execution on the judgment. Although the execution was issued after the judgment was affirmed on appeal, it followed the judgment as required by OCGA § 9-13-3. Accordingly, there was no basis to amend the execution pursuant to OCGA § 9-13-5. Moreover, there was no need to amend the execution to ensure that the judgment had priority over the debt deed executed by Groover during the appeal. Even though the execution on the judgment did not issue until after a portion of the judgment was affirmed on appeal, for priority purposes, the affirmed portion of the judgment constituted a lien from the date of its original rendition in the trial court on November 19, 1991. *Nat. Bank of Ga. v. Morris-Weathers Co.*, 248 Ga. 798 (286 SE2d 17) (1982); see OCGA § 9-12-80. Furthermore, any attempted alienation by Groover of her property by executing a debt deed in favor of her attorney while the appeal was pending was ineffective under OCGA § 9-12-88. See *Behn & Foster v. Phillips*, 18 Ga. 466 (1855).

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Smith, J., concur. Blackburn J., disqualified.*

DECIDED JANUARY 25, 1996 —

*Marvin P. Nodvin*, for appellant.
*Frankel, Hardwick, Tanenbaum & Fink, James J. Brissette*, for appellee.