## A02A2269. BYELICK v. MICHEL HERBELIN U.S.A., INC.
(578 SE2d 907)

BARNES, Judge.

Thomas Byelick appeals a trial court's order finding him in civil contempt and ordering him incarcerated until he purges his contempt by posting a bond or delivering to the sheriff certain items of personal property. After reviewing the record in this case, we find no error and affirm the trial court's order.

Byelick sued Michel Herbelin U.S.A., Inc., the U. S. subsidiary of a French watch manufacturer, for breach of contract, contending that he was now the company's sole owner. Byelick obtained an ex parte temporary restraining order preventing Herbelin from interfering in the business and from recovering company assets from Byelick. After a hearing on Byelick's motion for a permanent injunction, the trial court dissolved the TRO and ordered Byelick on November 7, 2001, to deliver the company property and records to Herbelin within ten

---

[17] OCGA § 18-2-40.

[18] See *Randall & Neder*, supra.

days, and Herbelin to provide copies of those records to Byelick within twenty-four hours after receipt. On November 21, 2001, Byelick appealed that order to this court, which transferred the appeal to the Supreme Court of Georgia in February 2002. The Supreme Court subsequently affirmed the trial court's denial of Byelick's motion for a permanent injunction in *Byelick v. Michel Herbelin USA, Inc.*, 275 Ga. 505 (570 SE2d 307) (2002).

Meanwhile, on November 27, 2001, Herbelin moved for a citation of contempt and sanctions against Byelick for failing to deliver the company assets as ordered. These assets included 350 watches, a safe, office furniture and equipment, and a company car. Herbelin's counsel submitted an affidavit outlining his attempts to negotiate the transfers as well as copies of seven letters documenting those attempts. The trial court held a hearing on the motion for sanctions, after which it ordered Byelick on December 21, 2001, to post a bond of $250,000 "conditioned upon Plaintiff preserving all assets belonging to Defendant and all Defendant's corporate records" or deliver those assets and records to Herbelin's counsel.

Byelick did not post a bond and did not deliver the company assets and records to Herbelin's lawyer. Instead, he appealed the order directly to this court and also moved this court for an "order of supersedeas" directing the trial court to dissolve its order of December 21, 2001. Because Byelick failed to secure a timely certificate of immediate review, on February 6, 2002, this court dismissed the appeal for lack of jurisdiction and also dismissed as moot his motion for a supersedeas order.

Pursuant to the trial court's order, the parties held a status conference on February 20, 2002, during which the court noted that bond had still not been posted pursuant to its earlier direction. Byelick asserted through counsel that the issue of the bond order was "still on hold" because this court's order dismissing the appeal of the bond order "is irrelevant and in fact is a nullity because the underlying case, the Court of Appeals has already said we have no jurisdiction. So I think there is [sic] some procedural issues here altogether that the Court of Appeals is having to sort out." The trial court then ordered Byelick to "clear up what confusion you say is going on down at the Court of Appeals" by 5:00 p.m. the next day, after which the court would consider whether to schedule a show cause hearing to give Byelick an opportunity to explain "why he hasn't posted the bond, and if that is not satisfactory, I am going to put him in jail. So I am putting you on notice now we will have him personally served with that information, and I will have that scheduled on Friday based on what I hear from you tomorrow."

In response to that direction, Byelick filed a "Notice to Court" the next day, February 21, 2002, in which he stated that he confirmed

with the Court of Appeals Clerk's Office that Byelick's appeal of the November 7, 2001 order had been transferred to the Supreme Court. Byelick further asserted through counsel that he was unable to post bond and would be filing an affidavit of indigence pursuant to OCGA § 5-6-47 (a). The trial court scheduled a hearing for March 5, 2002, ordering Byelick to show cause why he should not be incarcerated for failing to comply with the court's December 21, 2001 order, and directing the sheriff to serve Byelick personally with the order. Byelick filed an affidavit of indigence on February 27, 2002, in which he avers that his expenses exceed his monthly income of $3,271, and then further avers that he remains

> ready and willing to tender the watches at issue, which at all time have been lawfully in my possession . . . , to an independent escrow agent to be held thereby pending the outcome of my lawsuit against Michel Herbelin. I am opposed to surrendering the watches directly to Michel Herbelin as the trial court appears to be trying to force me to do because such would render my pending appeal in the Supreme Court of Georgia moot and dismissable [sic] as such.

Byelick's affidavit continues to state his "opinion and belief" that the trial court has acted improperly throughout its course of conduct in this case, "and by so doing, conceal[ed] a pattern of impropriety and malfeasance in this case by making my Supreme Court appeal dismissable [sic] as moot."

On March 5, 2002, the trial court rescheduled the show cause hearing for March 22, 2002. On March 19, 2002, a sergeant with the Gwinnett County Sheriff's Department filed a report showing that the department unsuccessfully attempted to serve Byelick personally on 14 separate occasions from February 25 to March 17, 2002. On March 21, 2002, Byelick filed a "Notice of Filing Motion for Supersedeas or, Alternatively, for Appointment of Receiver with Supreme Court of the State of Georgia." On March 22, 2002, Herbelin filed its brief in support of a contempt citation against Byelick.

Neither Byelick nor his counsel attended the contempt hearing on March 22, 2002. The trial court noted on the record that counsel called five minutes before the hearing was scheduled to begin and represented to the court staff that he was ill and unable to attend and further noted that the court knew from conversations between its legal assistant and Byelick's counsel that Byelick knew about the hearing scheduled. Herbelin traversed Byelick's affidavit of indigence and submitted certified copies of two warranty deeds showing that Byelick owned property in Snellville and Lilburn.

On March 26, 2002, the trial court issued an order finding that Byelick had failed to post the bond as ordered or deliver assets to Herbelin and had failed to attend the hearing or submit documentation of counsel's illness. The court concluded that Byelick was not indigent, and that OCGA §§ 5-6-46 and 5-6-47, pursuant to which Byelick had filed his affidavit of indigence, were inapplicable as the court's order was issued under OCGA § 9-11-62 (c). The court found Byelick in contempt and ordered him incarcerated until he purged his contempt by posting a bond of $250,000 or delivered to the Gwinnett County Sheriff all assets belonging to Herbelin.

Finally, on April 30, 2002, the Supreme Court of Georgia denied Byelick's motion for supersedeas or alternatively for appointment of receiver.

1. Byelick contends in his first enumeration of error that the trial court erred in ordering him to post a supersedeas bond. The propriety of the trial court's order is not before us on appeal, however, as we dismissed Byelick's direct appeal of the order due to lack of jurisdiction. We note, however, that the trial court is empowered by OCGA § 9-11-62 (c) to suspend or modify an injunction after appeal is taken therefrom by requiring a bond of plaintiff or otherwise, so as to insure the security of the rights of the adverse party. *Stephens v. Geise*, 226 Ga. 639, 642 (176 SE2d 923) (1970). Further, the appealing party's financial difficulties establish good cause for requiring a supersedeas bond. *Leventhal v. Seiter*, 208 Ga. App. 158, 165 (9) (430 SE2d 378) (1993).

2. Byelick then asserts that the trial court erred by holding him in contempt for failing to post the bond after he filed an affidavit of indigence. We disagree.

"The appropriate standard of proof in a civil contempt case is preponderance of the evidence." (Citation omitted.) *In re Harvey*, 219 Ga. App. 76, 79 (464 SE2d 34) (1995). "[I]f there is any evidence from which the trial court could have concluded that its order had been violated, we are without power to disturb the judgment absent an abuse of discretion." (Footnote omitted.) *In re Waitz*, 255 Ga. App. 841, 842 (567 SE2d 87) (2002). Based on the foregoing, ample evidence supports the trial judge's conclusion Byelick violated its order directing Byelick to post bond or return the assets to Herbelin. In fact, Byelick so much as says in his affidavit of indigence, filed two months after the court issued the order, that he will not comply with the court's order because he thinks it is wrong, and accuses the court of malfeasance and impropriety. We cannot condone this behavior.

While OCGA § 5-6-47 (a) provides that a notice of appeal and affidavit of indigence may act as supersedeas, and OCGA § 5-6-47 (b) allows any party at interest to contest the truth of the indigence affi-

davit, the trial court ordered this bond pursuant to OCGA § 9-11-62 (c), which specifically addresses appeals involving injunctions. OCGA § 9-11-62 contains no provision for avoiding bond by filing an indigence affidavit; in fact, Byelick's financial difficulties provide a basis for the trial court's order requiring him to post bond in order to avoid having to comply with its order. *Leventhal v. Seiter*, supra, 208 Ga. App. at 165 (9).

We affirm the trial court's order finding Byelick in contempt and ordering him to be incarcerated until he purges himself as directed.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 7, 2003.

*Michael B. Butler*, for appellant.

*Kilpatrick Stockton, Susan A. Cahoon, Julie A. Lierly, Christopher B. Lyman*, for appellee.