# Court of Appeals
# of the State of Georgia

ATLANTA,  July 14, 2021

*The Court of Appeals hereby passes the following order:*

## A21A1701; A21A1702; A21A1703.  NAWKAW PROPERTIES, INC. et al. v. PIYUSH PATEL et al.

In this real estate dispute, the parties obtained two arbitration awards. Thereafter, in the trial court, both sides filed petitions to confirm the awards. On March 1, 2021, the trial court entered a "Final Order and Judgment" confirming the arbitration awards and requiring Nawkaw Properties, Inc. to comply with one of the arbitration awards by specific performance. However, the trial court reserved ruling on the parties' requests for attorney fees and sanctions. On April 9, 2021, the trial court ordered Nawkaw to deposit a supersedeas bond. On April 22, 2021, the trial court entered a corrected "Final Order and Judgement" pursuant to OCGA § 9-11-60 (g).The court again confirmed the arbitration awards and ordered Nawkaw to comply therewith, and entered judgment against Nawkaw. The court again reserved ruling on the parties' requests for attorney fees pursuant to OCGA § 9-15-14 and motion for sanctions. The court also reserved ruling on motions to disqualify Nawkaw's counsel and for contempt and set the reserved matters for a hearing. In Case No. A21A1701, Nawkaw appeals from the March 1 order; in Case No. A21A1702, Nawkaw appeals from the April 9 order; and in Case No. A21A1703, Nawkaw appeals from the April 22 order. We lack jurisdiction.

"Generally, an order is final and appealable when it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court." *Thomas v. Douglas County*, 217 Ga. App. 520, 522 (1) (457 SE2d 835) (1995). Although denominated as "final orders," the trial court reserved resolution of numerous issues in its orders

of March 1 and April 22, including contempt, disqualification, and sanctions. Accordingly, these orders are not final. See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006) (explaining that the Court must construe orders "according to their substance and function and not merely by nomenclature"). In order to appeal from these non-final orders, Nawkaw was required to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), including obtaining a certificate of immediate review and filing an application. Its failure to do so here deprives this Court of jurisdiction. See *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016); *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016).

Similarly, the trial court's April 9 order requiring a supersedeas bond is not a final appealable order within the meaning of OCGA § 5-6-34 because matters remain pending in the trial court. See *Pruett v. Commercial Bank of Ga.*, 211 Ga. App. 692, 694 (440 SE2d 85) (1994).

Nawkaw's failure to comply with the interlocutory appeal requirements deprives this Court of jurisdiction to consider these appeals, which are hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__07/14/2021_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.