**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**November 17, 2023**

# In the Court of Appeals of Georgia

A23A1626. ATHENS HEART CENTER, P.C. et al. v. MOLINA et al.

BROWN, Judge.

A jury returned a verdict in favor of appellee-plaintiff, Miguel Angel Molina, III, as executor of the estates of Miguel Angel Molina, Jr. and Juan Carlos Molina, against appellants-defendants, Athens Heart Center, P.C. and Subodh Agrawal (collectively "Athens Heart"), in the amount of $4,363,000, and judgment was entered accordingly. After Athens Heart filed a motion for new trial, Molina filed a motion for supersedeas bond pursuant to OCGA § 9-11-62 (b), requesting a bond in the amount of the judgment plus interest. The trial court granted Molina's motion after a hearing. Athens Heart has filed a direct appeal of the trial court's bond order, contending that the trial court abused its discretion in imposing a $4,687,000 bond

despite their affidavit of indigency and inability to pay. For the reasons explained below, we conclude that we lack jurisdiction over the appeal.

The record shows that following the jury trial, the trial court entered judgment on February 9, 2023, against Athens Heart in the amount of $4,363,000 plus court costs and post-judgment interest. Ten days later, Athens Heart filed a motion for new trial, and Molina filed an "Emergency Motion for Supersedeas Bond" under OCGA § 9-11-62 (b).[1] Athens Heart filed a response to Molina's motion along with Agrawal's affidavit of indigence pursuant to OCGA § 5-6-47 (a), stating that neither he nor Athens Heart Center could obtain a bond in the amount requested by Molina. After a hearing, the trial court issued an order granting Molina's motion and finding that good cause existed to require Athens Heart to post bond in the amount of judgment plus ten months of interest while pending the motion for new trial.[2] While the trial court noted it "may not be required to consider indigence, . . . the best

---

[1] "The filing of a motion for a new trial or motion for judgment notwithstanding the verdict shall act as supersedeas unless otherwise ordered by the court; but the court may condition supersedeas upon the giving of bond with good security in such amounts as the court may order." OCGA § 9-11-62 (b).

[2] According to the trial court's order, on the day before trial, Agrawal's attorney sent an e-mail to Molina's attorney communicating Agrawal's intent to make it "'extremely difficult, if not impossible, to recover more than $1 million,'" and on the day of the verdict, Agrawal transferred real property out of his name.

practice is to consider the filing as made." The court then concluded that under both OCGA §§ 5-6-47 (a) and 9-15-2 (a) (1), a party must be unable to pay or post bond due to his level of poverty or financial hardship, and Athens Heart had not established that they could not pay the bond amount due to indigence, poverty, or financial hardship. Alternatively, the court found that even if "indigence" simply should be interpreted to mean "unable to fund a bond if ordered," as asserted by Athens Heart, Athens Heart failed to establish it was unable to fund the bond. Athens Heart filed a direct appeal in this Court, contending that the trial court (1) erred in construing "indigence," as used in OCGA § 5-6-47, to mean "a level of poverty or financial hardship" rather than a party's inability to post the required bond; (2) erred in failing to determine whether they actually had the ability post the bond; and (3) abused its discretion in fixing the bond amount at $4,687,000.

Molina has filed a motion to dismiss Athens Heart's appeal, contending that we lack jurisdiction because the bond order is not a directly appealable final order. Conversely, Athens Heart asserts that the bond order qualifies as a final order under OCGA § 5-6-34 (a) (1), because it "fully resolves the issue of a supersedeas bond." We agree with Molina.

3

"OCGA § 5-6-34 (a) (1) authorizes direct appeals only from final judgments of the trial court, that is to say, where the case is no longer pending in the court below." (Citation, punctuation, and footnote omitted.) *Rivera v. Washington*, 298 Ga. 770, 773 (784 SE2d 775) (2016). Thus, the pertinent inquiry is whether "the *case* is no longer pending in the court below." (Emphasis supplied.) OCGA § 5-6-34 (a) (1). And, as Athens Heart admits, its motion for new trial remains pending in the trial court. Cf. *Auld v. Weaver*, 196 Ga. App. 782, 782-783 (397 SE2d 51) (1990) ("A notice of appeal from the judgment, filed while a motion for new trial is pending, and unaccompanied by a proper certificate for immediate review, confers no jurisdiction in the appellate court and results in a dismissal of the appeal.") (citation and punctuation omitted).

Athens Heart cites *Winchell v. Winchell*, 352 Ga. App. 306, 313 (3), n.10 (835 SE2d 6) (2019), for the proposition that this Court has considered an appeal from a supersedeas bond to be a final order. However, *Winchell* dealt with an appeal bond set pursuant to OCGA § 5-6-46, not a bond pending a motion for new trial.[3] Id. at

---

[3] There is a distinction between a supersedeas bond pending a motion for new trial and one pending an appeal. As this Court has explained,

> if a party desires to attack the judgment in the trial court, by a motion for
> a new trial or a similar post-trial motion, he can make his motion and the

308. Moreover, in *Winchell*, the matter still pending below was a motion for reconsideration rather than a motion for new trial, and we recognized that "[w]hile it is true that a notice of appeal filed during the pendency of a motion for new trial

---

issue of supersedeas is resolved as provided in OCGA § 9-11-62 (b). If he prefers to appeal, he can file a notice of appeal (in which case the issue of supersedeas is resolved as provided in OCGA § 5-6-46).

(Punctuation omitted.) *Bank S., N.A. v. Roswell Jeep Eagle*, 200 Ga. App. 489, 490 (3) (408 SE2d 503) (1991). See *Blackmore v. Blackmore*, 311 Ga. App. 885, 888 (1) (717 SE2d 504) (2011) (noting that OCGA § 9-11-62 (b) "governs the stay of proceedings upon the filing of a motion for new trial"). In general, if a party has a pending and proper direct appeal of a trial court order or final judgment, and the trial court requires the party to post a supersedeas bond pending the appeal, then the party has a right to directly appeal the supersedeas bond order, and the two appeals are consolidated. See *Jackson v. Sanders*, 333 Ga. App. 544, 546-547 (1) (773 SE2d 835) (2015); *Owens v. Green Tree Servicing*, 300 Ga. App. 22, 24-25 (2) (684 SE2d 99) (2009).

We further note that in *Byelick v. Michel Herbelin U.S.A.*, 260 Ga. App. 111, 114-115 (2) (578 SE2d 907) (2003), this Court explained that

[w]hile OCGA § 5-6-47 (a) provides that a notice of appeal and affidavit of indigence may act as supersedeas, and OCGA § 5-6-47 (b) allows any party at interest to contest the truth of the indigence affidavit, the trial court ordered this bond pursuant to OCGA § 9-11-62. . . . OCGA § 9-11-62 contains no provision for avoiding bond by filing an indigence affidavit[.]

5

confers no jurisdiction on this Court, the same rule does not apply to motions for reconsideration." (Citation and punctuation omitted.) Id. at 313 (3), n.10.[4]

We conclude that the trial court's order setting a supersedeas bond pending Athens Heart's motion for new trial is not a final order subject to direct appeal under OCGA § 5-6-34 (a) (1).[5] Rather, a party who is ordered to pay a supersedeas bond pending a motion for new trial can seek to immediately appeal that order through the

---

[4] In reaching its conclusion, this Court distinguished *Pruett v. Commercial Bank of Ga.*, 211 Ga. App. 692 (440 SE2d 85) (1994), in which the appellants filed direct appeals from the trial court's two orders requiring them to post appeal bonds pursuant to OCGA § 5-6-46. *Winchell*, 352 Ga. App. at 313 (3), n.10. "Without addressing the broad question of the general appealability of an order granting a supersedeas bond," this Court held in *Pruett* that the orders were not final, appealable orders. 211 Ga. App. at 694. Although the trial court certified the orders as final pursuant to OCGA § 9-11-54 (b), governing interlocutory appeals, "no such finality was indicated on the orders regarding the bonds" and there were still matters pending in the cases. Id.

[5] Our holding is consistent with how this Court handled the only other appeal from an order setting a supersedeas bond pending a motion for new trial, *Leventhal v. Seiter*, 208 Ga. App. 158, 165 (9) (430 SE2d 378) (1993). In that case, the defendant appealed the final judgment against him after the trial court denied his motion for new trial and to set aside the judgment. One of the defendant's enumerations was that "the trial court erred in requiring a supersedeas bond pending the motion for new trial, because the evidence produced did not show that good cause existed as required under OCGA § 9-11-62 (b)." Id. We concluded that the trial court did not abuse its discretion in requiring the defendant to post a supersedeas bond pending resolution of his post-judgment motions. Thus, we addressed the issue of the bond after the trial court had ruled on the motion for new trial, and only in conjunction with a direct appeal from the final judgment.

interlocutory appeal procedures established in OCGA § 5-6-34 (b).[6] See

*Buckner-Webb v. State*, 314 Ga. 823, 827 (2) (a) (878 SE2d 481) (2022) ("as a

general rule, when a party seeks to appeal a non-final order issued by a trial court

before the case is fully adjudicated below, Georgia courts require adherence to the

interlocutory procedures of OCGA § 5-6-34 (b) for appellate review"). Cf. *Byelick*

*v. Michel Herbelin U.S.A.*, 260 Ga. App. 111, 112 (578 SE2d 907) (2003) (noting that

the appellant's direct appeal from a supersedeas bond order set pursuant to OCGA §

---

[6] OCGA § 5-6-34 (b) provides in part:
Where the trial judge in rendering an order, decision, or judgment, not
otherwise subject to direct appeal, including but not limited to the denial
of a defendant's motion to recuse in a criminal case, certifies within ten
days of entry thereof that the order, decision, or judgment is of such
importance to the case that immediate review should be had, the
Supreme Court or the Court of Appeals may thereupon, in their
respective discretions, permit an appeal to be taken from the order,
decision, or judgment if application is made thereto within ten days after
such certificate is granted. The application shall be in the nature of a
petition and shall set forth the need for such an appeal and the issue or
issues involved therein. . . . The Supreme Court or the Court of Appeals
shall issue an order granting or denying such an appeal within 45 days
of the date on which the application was filed. Within ten days after an
order is issued granting the appeal, the applicant, to secure a review of
the issues, may file a notice of appeal as provided in Code Section
5-6-37. The notice of appeal shall act as a supersedeas as provided in
Code Section 5-6-46 and the procedure thereafter shall be the same as
in an appeal from a final judgment.

9-11-62 (c) had been dismissed by this Court for lack of jurisdiction because the appellant failed to secure a timely certificate of immediate review).

Athens Heart alternatively argues that it has a right to directly appeal the bond order under the collateral order doctrine. We disagree.

> To qualify for immediate appeal under [the] collateral order doctrine, an interlocutory order must be effectively final— a status we assess by examining whether the order resolves an issue that is substantially separate from the basic issues to be decided at trial; would result in the loss of an important right if review had to await final judgment; and completely and conclusively decides the issue on appeal such that nothing in the underlying action can affect it.

(Citation, punctuation, and footnote omitted.) *Buckner-Webb*, 314 Ga. at 828 (2) (a). In *Buckner-Webb*, our Supreme Court held that "orders denying a counsel's motion to withdraw based on an alleged conflict of interest are not 'effectively final,' even as to counsel's interest, in the sense needed to justify application of the collateral order doctrine [because] counsel will still have ways to obtain review of the interest at issue in such orders[.]" Id. at 830 (2) (b). The Court went on to explain that "an attorney who is denied permission to withdraw as counsel based upon an alleged conflict of interest can seek to immediately appeal that order through the interlocutory appeal procedures established by OCGA § 5-6-34 (b)." Id. Similarly, and as stated

8

above, a party ordered to post a supersedeas bond pending a motion for new trial can seek to appeal the order through an interlocutory appeal. As such, we conclude that such orders do not fall within the "very small class" of trial court orders that are appealable under the collateral order doctrine. *Duke v. State*, 306 Ga. 171, 172 (1) (829 SE2d 348) (2019).

Because Athens Heart failed to follow the interlocutory appeal process, we lack jurisdiction over the appeal. *Eidson v. Croutch*, 337 Ga. App. 542, 543 (788 SE2d 129) (2016) ("when the order appealed from is an interlocutory order, the appellate court does not acquire jurisdiction unless the procedure of OCGA § 5-6-34 (b) for interlocutory appeal is followed") (citation and punctuation omitted).[7]

*Appeal dismissed. McFadden, P. J., and Markle, J., concur.*

---

[7] Given our ruling, Molina's motion to dismiss this appeal is moot. We hereby deny Molina's motion for sanctions for frivolous appeal.